THOMAS B. ENGLISH AND LA FAYETTE G. ENG-
LISH, AN INFANT, BY GEORGE A. EDES, HIS
GUARDIAN, APPELLANTS, v. ORAN G. SAVAGE, L.
B. CAVANAUGH AND LEVIN N. ENGLISH, RE-
SPONDENTS.

DECREE AGAINST INFANT, WHEN BINDING.—In a suit where the court has
complete jurisdiction of the subject and of the parties, a decree against
infant defendants, where there is no evidence of fraud or collusion, is as
valid and effectual as if taken against adults.

GUARDIAN AD LITEM—POWER OF, TO BIND INFANT PARTY BY ADMISSIONS.—
Under the statutes of this State, a guardian *ad litem* has full power to
bind an infant defendant by admissions, even to the confession of
judgment.

PAROL DEMURRER—DOCTRINE OF, NOT RECOGNIZED IN THIS STATE.—The doc-
trine of "parol demurrer" is not recognized in this State.

APPEAL from Marion County.

In 1858, Levin N. English, one of the defendants, as
guardian of the plaintiffs, who were minors, made sale of
certain real property described in the complaint, of which
O. G. Savage, another of the defendants, became the pur-
chaser. At the February term, 1873, of the Circuit Court
for Marion County, Oregon, O. G. Savage brought suit
against the plaintiffs to quiet his title to the premises,
alleging that the guardian's sale before referred to had been
conducted in substantial conformity with the law; that the
bond required of the guardian by § 10, chapter 51, Miscella-
neous Laws, had been duly given, but that said bond had
been lost or destroyed, and that its absence from the record
of the proceedings constituted a cloud upon his (Savage's)
title. In that suit G. W. Lawson was appointed guardian
*ad litem* for the infant defendants (plaintiffs here), and filed
an answer admitting the allegations of the complaint. There
was a decree in accordance with the prayer of the com-
plaint. The present suit was brought to set aside the
guardian's sale above referred to, and also the decree of the
Circuit Court of February, 1873. It is claimed in the com-
plaint that the guardian's sale was void because the guar-
dian did not give the bond required by § 10, chapter 51, of
the Miscellaneous Laws, and that the decree of the Circuit

Court quieting the title of Savage was also void because it was obtained by fraud and collusion. The answer denies all the material allegations of the complaint, and sets up as a separate defense the payment of the purchase-money by the defendant Savage at the guardian's sale, and also certain expenditures made for permanent improvements upon the premises in question, and asks to have the same charged as a lien upon the land in case the sale is set aside. The decree of the court below was that the sale, and also the decree of 1873, be set aside as void, and that the purchase-money and money expended for improvements by defendant Savage be made a lien upon the land, as prayed in the answer. From this decree the plaintiffs appealed to this Court.

*Knight & Lord,* for Appellants.

*R. P. Boise and W. W. Thayer,* for Respondents.

By the Court, BURNETT, J.:

Upon the first point appellant's counsel seem to rely with confidence on the case of *Cooper* v. *Sunderland* (3 Iowa, 114). In that case an objection was made to a guardian's sale, under a statute similar to ours, on the ground that it did not appear that the guardian took the oath required by the statute before fixing on the time and place of the sale; and the court says, in passing on the case made: "There is no evidence, either in the record or in the papers, nor is any brought to our knowledge *aliunde,* that this oath was taken. The guardian makes a report of her sale but does not state it. There is a judgment confirming the sale, but this goes no farther than to say (in allusion to the report), 'which, having been examined by the court here, and the court having been fully advised of and concerning the premises, it is ordered,' etc. * * * The above record does not answer the call of the statute."

It will be seen that there is a material difference between the Iowa case and the one at bar. Here the judgment of confirmation recites that: "And it further appearing to the court that said sale had been legally made and fairly con-

ducted," which—in addition to the following part of the order granting the license to sell the real estate in question, to wit, "It is therefore ordered by the court that upon the said guardian filing a good and sufficient bond and taking the oath by law required, that license issue to said guardian to sell the real estate described in his petition,"—shows a different record altogether from that in the case last referred to. There is also the evidence of J. C. Peebles, county judge, G. W. Lawson, Seth Hammer, and O. G. Savage, that tends to establish the fact that a bond was given. True, this oral evidence is contradicted by the witnesses for the plaintiff, and conceding that oral evidence can be admitted to impeach the record made· by the County Court in this case, and that the question depended upon the recollection of the witnesses as testified to by them, the matter would no doubt be in a state of uncertainty.

In the case of *Blackman* v. *Bauman* (28 Wis. 611), the record itself showed affirmatively that the statute had not been complied with, for the oath of the guardian found in the record was made on the *day* of the sale, and not before fixing on the time and place of the sale, as required.

In the case of *Manton* v. *Purdy et al.* (11 Minn. 400), the objection to the sale was founded on an insufficient notice of the sale; and as the notice itself was with the papers and was considered a part of the record, it showed on its face that it did not comply with the statute. The case in 2 Sawyer is similar to the one in 3 Iowa, and in the case in 38 Maine it was one of the agreed facts that no bond had been filed. But the view we have taken of the case makes it unnecessary for us to decide whether the record of the County Court, together with the evidence offered in connection with it, establishes the fact that the guardian did give the bond required by the statute before the sale was made; for we think the whole matter was settled by the Circuit Court in the decree made March 12, 1873.

The court had full and complete jurisdiction of the case and of the parties, and there is no evidence to sustain the allegation of fraud and collusion between the guardian *ad litem,* in that case, and O. G. Savage. It was insisted that

the admissions in the answer filed by the guardian *ad litem* in the case in the Circuit Court, before referred to, did not bind the defendants in that suit (plaintiffs in this case), for the reason that they were infants; and a number of authorities were cited to sustain that view.   Mr. Freeman, in his work on Judgments, § 513, says: "A judgment against an infant is not void.   The usual practice is to insert a provission allowing an infant a day after he comes of age to show cause against a decree procured against him.   And except where the practice has been changed by introducing a modification of the common law in this respect, the omission of this clause is an error which will undoubtedly be corrected on appeal.   According to some of the authorities, the right to show cause against a decree is the absolute right of every infant defendant; a right which is not taken away by the omission to provide for it in the decree, and which may be enforced by a bill of review or by original bill showing that upon the facts the original decree is improper."   And here the author refers to a number of authorities, in a foot-note, and some of them are the same cited by counsel for appellants.   Quoting from Daniell's Chancery Practice, he goes on then to say: "But the better opinion is, that an infant defendant is as much bound by a decree in equity as a person of full age; therefore, if there be an absolute decree made against a defendant who is under age, he will not be permitted to dispute it unless upon the same grounds as an adult might have disputed it, such as fraud, collusion or error."   But whatever view might be taken of the case independent of the statute, it appears that under the provisions of the Code, page 156, the doctrine of "*parol demurrer*" is not recognized in this State, and that a guardian *ad litem* has full power to bind an infant defendant by admissions, even to the confessions of a judgment.

Decree: That the decree of the court below be reversed and plaintiff's complaint dismissed.