[Filed July 2, 1888.]

## M. R. SAVAGE, Respondent, v. CLARK C. Mc-CORKLE et al., Appellants.

Equity — Correction of Mistake in Deed against Heir of Grantor. — The grantor in a deed may have a mistake in such a deed corrected against the heir at law of the grantee therein.

Deed — Mistake — Maintenance. — Where it was agreed that a part of the consideration for a deed was the support of the grantors by the grantees while they lived, and that the same should be inserted in the deed, but by mutual mistake was omitted, the grantors in such a deed may have the same corrected by a suit for that purpose against the grantee or his successor, who paid no value or took with notice.

Minor Defendant — Compromise — Decree. — In such suit a minor defendant may, with the consent of the court, enter into a stipulation by his guardian by way of compromise, and a decree entered on such stipulation will be binding on such minor to the same extent and have the same effect as if he were of full age. Semble, that a decree, entered without such consent, remaining unimpeached and unreversed, has the same effect, and such infant will not be permitted to dispute it, except upon the grounds that would be available to him if he were an adult.

Decree — Parties — Privies. — A decree is valid and binding between the parties to it and those in privity with them; but it in no manner affects strangers. They can neither be benefited nor prejudiced by it.

Case in Judgment. — Where a decree settled and fixed the liability of the defendant therein to support and maintain the plaintiffs while they lived, one who was not a party to such decree cannot furnish maintenance to the plaintiffs without the defendant's request, and compel the defendant to pay the same directly to him. Such person is a stranger to the decree, and not in privity with any of the parties to it.

Appeal from Marion County.

*Shaw & Gregg,* for Appellant.

*N. B. Knight,* for Respondent.

Strahan, J.— This proceeding was commenced in the county court of Marion County, by filing a petition properly verified, and the service of a citation directed to the minor as well as his guardian. An amended petition was filed, in which it was alleged substantially as follows:

That the defendant, Clark C. McCorkle, is a minor and
the owner in fee, subject to the lien hereinafter men-
tioned, of the real property described in the petition;
that by a decree of the circuit court of the state of Oregon
for Marion County, rendered on the thirteenth day of
February, 1884, in a suit in which Jane Murphy was
plaintiff and said Clark C. McCorkle was defendant, a copy
of said decree is hereto attached, marked "Exhibit A," and
made a part of this petition. The above-described land
was made chargeable for the maintenance and support of
the said Jane E. Murphy and her husband, James Murphy,
and the expenses for the same were by said decree made
a lien upon said land; that your petitioner holds a lien
upon said lands for the expenses incurred in the mainte-
nance and support of the said James and Jane Murphy
of,— 1. For the sum of $233.33, with interest thereon from
the twenty-ninth day of March, 1884; 2. For the sum of
$100, with interest thereon from the twenty-seventh day
of November, 1885; 3. For the sum of $126, with interest
thereon from the twentieth day of February, 1886. Copies
of said claims are hereto attached and marked respectively
exhibits "B;" "C," and "D," and made a part of this
amended petition; that each and all of said claims are
now and for a long time have been due and payable, but
that no part of the same has been paid; that J. E. Murphy
is the duly appointed, qualified, and acting guardian of
said minor, Clark C. McCorkle; that said guardian ne-
glects, fails, and refuses to pay said claims or any part
thereof, although often requested so to do. Therefore
your petitioner prays the court that a citation issue to·
said minor and his said guardian to show cause, if any
they have, why said claims should not be thus paid out of
the estate of said minor, and if no good cause be shown
why said claims should not be thus paid, then in that
event the said J. E. Murphy be ordered and directed by

this court to pay said claims out of the personal property of said minor, if sufficient, and if not, then to be ordered and directed to proceed, according to law, to pay said claims out of the real estate of said minor, and that he be ordered to pay the costs and disbursements of this proceeding, and for such other and further relief as to the court may seem just and proper.

Exhibits annexed to the petition are the complaint, answer, stipulation, and final decree of the circuit court of Marion County, Oregon, rendered and given in a suit in said court, wherein Jane Murphy was plaintiff and said Clark C. McCorkle was the defendant.

It was alleged in the complaint in that suit that Jane Murphy is the widow of James Murphy, deceased; that Lydia McCorkle, theretofore deceased, was the daughter of James and Jane Murphy; that Clark C. McCorkle was the only heir at law of said Lydia and one Alexander McCorkle, also deceased; that on the sixth day of April, 1868, the said James and Jane Murphy made a deed to Alexander McCorkle, conveying to him certain lands, which are the same lands described in the petition in this proceeding, which lands when conveyed were reasonably worth seven thousand dollars; that said deed did not express the true or full consideration for the conveyance of said lands; that a further consideration for said deed was the agreement that said Alexander McCorkle, his heirs and assigns, should maintain and support the said James and Jane Murphy during their and each of their natural lives, and the words expressing said agreement were omitted from said deed by mistake.

The alleged agreement and mistake were denied by the answer, but by a stipulation entered into and signed by the attorneys of the parties, and by the defendant's guardian, J. E. Murphy, that "by way of and as and for a compromise herein, that the deed mentioned in the de-

fendant's complaint herein shall stand as it is, and without reformation, and that the defendant shall furnish the said plaintiff a reasonable support during her natural life, or pay to or for her the reasonable expenses thereof, and that such support, or the reasonable expense or the cost thereof, shall be or remain a charge or lien upon the lands and premises described in the complaint and deed until paid or furnished, and that the same shall be paid as often as once in three months during the plaintiff's natural life, after the same shall have been allowed by the county judge of Marion County; and further, that the defendant shall pay such reasonable charges and expenses as may have been accrued or been incurred since the death of said Lydia A. McCorkle for the support of said James and Jane Murphy, or either or both of them, to the present time, and that the said land shall be charged with said charges and expenses, and the same shall be and remain a lien upon said land until paid, and that before said or any charges or expenses shall be paid, the same shall be presented to and allowed and determined by the county judge of Marion County." A final decree was entered in said cause in all particulars following the stipulation.

Exhibit B referred to is as follows:—

"SALEM, OREGON, March 29, 1884.
"C. C. McCorkle, Minor, Dr.,
  "To M. R. Savage:—
"To maintenance and support of James and
    Jane Murphy from the fifth day of May to
    the ninth day of October, 1883, at $40 per
    month ................................. $205 33
"To medicines furnished ..................... 9 00
"To funeral expenses of James Murphy ........ 24 00
                                            ———————
      "Total ....................... $238 33

"STATE OF OREGON,  ⎰ ss.
    COUNTY OF MARION. ⎱

"I, M. R. Savage, being first duly sworn, say that the foregoing bill is correct, as I verily believe.

"M. R. SAVAGE.

"Sworn to and subscribed before me this twenty-ninth day of March, 1884.     E. A. DOWNING, Notary Public.

"Allowed this twenty-ninth day of March, 1884.

"T. C. SHAW, County Judge."

Exhibit C is a like claim for the support of Jane Murphy from the twenty-fifth day of August to the twenty-fifth day of November, 1885, at the rate of $33⅓ per month, $100; and exhibit D is a like claim for the support of Jane Murphy from November 25, 1885, to February 7, 1886, at $33⅓ per month, and her funeral expenses, $126.60.

Each of these claims are verified and indorsed in like manner as exhibit B by the county judge of Marion County. The defendants demurred to said petition and assigned these grounds of demurrer:—

1. Said petition does not state facts sufficient to show that said plaintiff has any cause of action or suit against the defendants, or either of them.

2. Said petition does not state facts sufficient to constitute a cause of action, or suit, or proceeding against said defendants, or either of them, or against the premises described in the petition.

3. Said petition does not state facts sufficient upon which to base the issuing of the citation herein.

4. Said petition does not state facts sufficient to show that the plaintiff has any claim whatever against the defendants, or either of them, or against the premises mentioned therein, on which to base the citation herein, or on which to give this court jurisdiction over the persons

or subject-matter therein mentioned.   The county court sustained the demurrer and dismissed the proceedings.

Upon appeal to the circuit court, the action of the county court was reversed, and a decree given in favor of the plaintiff for his costs, and the cause remanded to the county court for further proceedings, from which decree this appeal is taken.   All of the points made by the demurrer present but two objections: one is, whether or not facts stated in the petition are sufficient to entitle the plaintiff to any relief whatever; the other is, whether or not the county court has jurisdiction to grant such relief.

1. If the defendant is liable in any form, or under any circumstances, for the support of James and Jane Murphy, such liability arises out of the decree above mentioned. The cause of suit upon which that suit was founded was the mistake made in the deed which James and Jane Murphy executed to Alexander McCorkle, the defendant's ancestor.   When Alexander McCorkle died, the land which he acquired by the deed in which the alleged mistake existed descended to the defendant Clark C. McCorkle subject to the right in the grantors in said deed to have said alleged mistake corrected.   This is the right which Jane Murphy, one of the grantors in the deed, asserted in the suit, and sought to have such deed corrected by the decree, so as to insert therein a provision which would render Alexander McCorkle, his heirs and assigns, liable for the support of the grantors during the lives of each. If the grantee received the deed under a contract which subjected the land to that charge, and the clause declaring his obligation was omitted by mistake, it was entirely proper for the surviving grantor to ask to have it corrected.

During the progress of the suit, and after it was at issue, the defendant, through his attorneys and by his guardian, compromised said suit by entering into an agreement

and stipulation upon which a decree was finally entered.
He now in effect says that he is not, nor is his property,
bound by that decree, because he says it is void; and
that is the first question to which our attention will be
directed.

The general rule under the former chancery practice
was, that an infant was as much bound by a decree against
him as an adult.  A standard author, writing upon the
chancery practice, says: "An infant is as much bound by a
decree in equity as a person of full age; therefore, if there
be an absolute decree made against a defendant who is
under age, he will not be permitted to dispute it, unless
upon the same grounds as an adult might have disputed
it; such as fraud, collusion, or error."  (1 Daniell's Chan-
cery Practice, 164.)  Freeman on Judgments, section 151,
announces the same principle.  He says: "If an absolute
decree be made against an infant, he is as much bound
as a person of full age, and will not be permitted to dis-
pute the decree, except upon the same grounds which
would be available if he were an adult."  And this court
has fully adopted and sanctioned the same view.  (*Eng-
lish* v. *Savage*, 5 Or. 518.)

2.  But it was argued that the decree was founded upon
a stipulation made by way of compromise, and that for
that reason it is void.  In this collateral inquiry, if it
were competent to look behind the decree to see upon
what it was based, — which we do not concede, — the result
claimed by the appellants would not follow.  The rule
seems to be, that the court will not usually make a decree
by consent where infants are concerned without an in-
quiry whether it is for their benefit; yet when a decree
has been pronounced without that previous step, it is
considered as of the same authority as if such an inquiry
had been directed, and a certificate thereupon made, that
it would be for their benefit.  (1 Daniell's Chancery

Practice, 163, 164.)    And this practice also has received the sanction of this court.    (*English* v. *Savage, supra.*)  Compromises made with the consent of the court in cases where infants are parties, and no fraud is alleged, have always been upheld.    (*Brooke* v. *Lord Mastyn*, 33 Beav. 457; 2 DeGex, J. & S. 373; *Walsh* v. *Walsh*, 116 Mass. 377; *Lippiat* v. *Holley*, 1 Beav. 423.)

3. But at this point in the investigation we are confronted with a more serious and difficult question.    This decree is binding and conclusive between the parties to it and their privies, but in no manner affects strangers.    A stranger to a decree can neither be benefited nor prejudiced by it.    These principles are so entirely elementary that they do not need a citation of authorities to sustain them.    What facts, then, does the plaintiff show which would enable him to compel the defendant to perform the duty and discharge the obligation which, under the decree, he owed to Mrs. Murphy, the plaintiff?

It was suggested on the argument that the allowance of their claims by the county judge of Marion County gave them a *status* somewhat different from that which they would have occupied without it.    This allowance by him was made under the decree already referred to, and the only legal sanction it has is such as was imparted to it by that decree.    There is no law conferring any such jurisdiction on the county judge, and whatever effect might have been given to its exercise between the parties to the decree, it is conceived that it could not be extended to the claims or demands of a person who was not a party to it.

If it be conceded that parties to a decree could by stipulation by way of compromise bind themselves to submit to that method of ascertaining and adjusting the amounts to be paid under such decree, it would not follow that a stranger to it not in privity with either party could take advantage of it, and establish a right by virtue thereof.

XVII. OR.—4

If, as is probable, the present plaintiff furnished the deceased Mr. and Mrs. Murphy with the maintenance charged for, at their request,—which does not appear from this record,—he has a claim against them which might be worked out through an administrator; and if the defendant refused to support and maintain them, as he was bound to do by the terms of the decree, he remains liable to the administrator of the deceased for the non-fulfillment of that duty. Having reached the conclusion that the petition does not state sufficient facts to entitle the plaintiff to any relief, the consideration of the second question suggested becomes unnecessary.

The decree of the circuit court must be reversed, and the proceeding dismissed without prejudice.

NOTE. — On petition for rehearing, the court adhered to its first opinion, and denied the petition, but modified the judgment so that the respondent might amend his pleadings in the court below. — REPORTER.