Smith, O. J.
The original action was one brought by Williams against the defendant as administrator of the estate of John W. Sewell, deceased, to recover about $1,600, alleged to have been paid by Williams to Sewell, in his life-time, by mistake, on a settlement had between them. The answer of the administrator denied that there was any such mistake in the payment made, and set up other defenses, as the statute of limitations and the adjudication of Sewell as a bankrupt, and issues on these were raised by the reply of the plaintiff.
Before the trial of the case, the widow and heirs-at-law of Sewell, on tbeir own application, were made parties defendant to the action, and filed aswers therein. Harriet M. Sewell, his widow, alleged that no judgment should be recovered *509 against the administrator of the estate, for the reason that the settlement, in which it was claimed the mistake occurred, was of dealings between herself, and Williams, the plaintiff, through her agent, J. W. Sewell. She also pleaded the statute of limitations as a bar to a judgment against the estate. Her answer was controverted by the plaintiff’s reply, but no claim was asserted by him against Mrs. Sewell.
At the trial, the plaintiff having offered evidence tending to establish his claim, the administrator, among other testimony, introduced in evidence the deposition of Mrs. Sewell, in which she testified fully to what she claimed to have been the transaction between the plaintiff, Sewell and herself. That the money which had been loaned to Carlisle was her own — that Williams had furnished no part of it. That he acted simply as her agent in making and collecting the loan, and that when he collected it, it all belonged to her, and that Williams only paid it as he was bound to do, to her, she acting by her husband and agent — and that no more was so paid than ought to have been.
Thereupon, in rebuttal, the plaintiff was examined as a witness in his own behalf, and the only question which is pre- ' sented for our consideration is, whether the trial court erred in allowing him to testify as he did, against the objection of the defendant, the administrator. It is claimed, however, by the counsel for the defendant in error, that no sufficient or valid exception was taken to the evidence of Williams, and therefore, that the question argued, is not fairly presented by the record.
Williams, in the first instance testified without objection, to some facts occurring after the death of Sewell. He was then inquired of by his attorney whether he ever had any business transactions with Mrs. Sewell. Objection was then made by the counsel for the administrator that Williams was an incompetent witness. The court overruled the objection, and an exception was duly entered. We think the court did not err in this action. Independently of the principle hereinafter discussed, the question did not necessarily call for evidence as to any transaction before the death of Sewell. If, in answer to such question, Williams had undertaken to testify to any *510 fact occurring before the death of Sewell, that was the time to interpose and prevent the answer from being given, or, if given, to move to rule it out. This course was not adopted, and there was no objection taken to the answer as made.
Afterwards the plaintiff was asked by his attorney in regard to the transaction which was the subject of the action, and which had occurred prior to Sewell’s death. This was objected to by the administrator, but the objection was overruled by the court, and exceptions duly taken to such ruling. And in answer to the question, the plaintiff testified fully to the transaction in question, and in relation to which Mrs. Sewell ■had given her evidence. This, we think, fairly raises the question whether Williams, the plaintiff, in an action in which an administrator was the adverse party, should have been allowed to testify to facts which occurred prior to the death of the intestate.
Section 5242, Rev. Stats, provides, “ that a party shall not testify' where the adverse party is * * * the administrator of a deceased person except ” as provided in the eight following subdivisions of the section. As Mrs; Sewell did not testify to any conversation with, or admissions of Williams, it must be conceded that the only one of these clauses which relates to the question in controversy is number three, which reads as follows: “If a party, or one having a direct interest, testify to transactions or conversations with another party, the latter may testify to the same transactions or conversations.” If, therefore, Mrs. Sewell was a party to this suit, within the meaning of this section, or if she had a direct interest (evidently in its result) clearly, there was no error in allowing the plaintiff to testify to the same transaction, as to which she gave her evidence.
We are of the opinion that she was not a party to the suit within the meaning of the section. It is true that on her own application she had been made a party defendant, but upon what principle or provision of law we are not advised. We think it was not good practice to do so, and if a motion had been filed by either of the proper parties to the action to dismiss her therefrom, it would have been the duty of the court to grant it. No relief whatever was sought against her. *511 The administrator represented the estate of her husband, and the widow and heirs had no right to intervene in the case. Under this section, it has been held, that the parties intended to be excluded from testifying thereby, are the real, and not the mere formal, nominal and unnecessary parties, 30 Ohio St. 476. And as such mere formal or unnecessary parties are not to be excluded from testifying, so a plaintiff who makes such persons parties, or allows them to remain as such, can not if they are called as witnesses, avail himself of this provision to testify to the same transaction, on the mere ground that they are parties to the record.
Was Mrs. Sewell a person having a direct interest? No testimony was offered by either side, as to the amount of the personal estate of Sewell, or of his debts, or the costs and expenses of administration, and consequently whether there would be any balance for distribution to his widow and children. It does appear that administration was granted on his estate, both in Indiana and Ohio. If there be any of his personal estate remaining after payment of the debts and expenses, according to our statute the widow is entitled to a share of it, and thus would have a direct interest in the event of the suit — for if the plaintiff is successful, it will reduce the amount she will receive therefrom, and the judgment here rendered may prevent her from receiving anything at all from the personal estate.
What then is her status on the evidence which was before the court ? As the statute makes a party to the suit incompetent to testify therein, when the adverse party is the administrator of the estate of a deceased person, except as specially provided for in the section, we are of the opinion that in such case, before such parry can properly testify, he must make it appear that he comes within some one of the exceptions, and such was the duty resting upon the plaintiff in this instance,— that is, to show to the court that Mrs. Sewejl was a person having a direct interest, and then that he might testify to any transaction about which she testified at the instance of the administrator.
But we are further of the opinion, that this was sufficiently and satisfactorily done in this case. It is not required that it *512 be conclusively done, or beyond a reasonable doubt. If a prima facie case is made, and there is nothing to rebut it, this isj sufficient. It is hardly to be expected that on a preliminary question like this, a court is to go into a full examination of the financial condition of the estate, and determine whether certain assets can be collected, or certain claims against the estate enforced. And unless the reviewing court is satisfied that the trial court found incorrectly on the point, the judgment will not be reversed on this ground.
Blach & Rochhold, attorneys for plaintiff in error.
Kittredge & Wilby, attorneys for defendant in error.
We think under the decision of the Supreme Court, in 17 Ohio 44, Fagin v. Cooley’s Adm’r, the court of common pleas was warranted in finding that the widow had a direct interest in the result of the suit. That case was one relating to the heirs of an intestate, but we think the same principle would apply to the case of a widow. The court in deciding the case, say: “ But it is urged by counsel for defendant in error, that the interest of the witness in this case is not such as to exclude him, because, for aught that appears, the estate of the father may be insolvent, and it is urged that it was the duty of the objector to show that it was not insolvent. Wé think otherwise. Upon the death of the father his heirs acquire a direct interest in the estate. It is the same interest which he had in his life-time, although their claims must be postponed to those of creditors. In the prosecution of a suit either in favor of, or against the personal representatives, if any of the heirs are offered as witnesses, the law will presume them to be interested until the contrary appears.”
It is urged further that the court erred in the charge given to the jury, but as no exception was taken to it at the time, we do not pass upon it.
The judgment will therefore be affirmed with costs, but without penalty.