## DEMPSEY v. BILLINGHURST.

B., who had, upon the first day of April, employed M. to perform personal service at an agreed price of $30 per month and board, thereupon entered into an agreement with, and by which he became liable to, and did pay, S., the proprietor of an hotel, for boarding M. On the 1st day of the following September, D. bought the business of S., and without notifying B. of the change, furnished board to M. for more than two months thereafter. In the absence of anything to show that B. knew that D. was boarding M., or that he would be called upon to pay therefor, it is *held*, in an action by D. against B. to recover the reasonable value of M.'s board, that no implied agreement or privity of contract existed between the parties to the suit, and that the original agreement between B. and S. was not made for the benefit of D.

(Syllabus by the Court. Opinion filed Oct. 28, 1895.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action to recover for board and lodging. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*D. W. Poindexter,* for appellant.

To enable a third party not a party to the contract to sue upon it, it must appear that there was a clear intent on the part of both parties that the one party shall become the debtor of the third. 3 Am. and Eng. Ency. of Law 863; Wheat. v. Rice, 97 N. Y. 296; Kee v. Davidson, 73 Cal. 522; Wright v. Leroy, 2 South. 6; Miller v. Gable, 66 Ia. 113.

*Sterling & Morris,* for respondent.

A person boarding and working at a hotel under a contract when a change is made in proprietors the contract remains in force unless otherwise notified by the new proprietor. Austin

v. Seligmon, 18 Fed. 519; Hendrich v. Lindsay, 93 U. S. 143; Shamp v. Meyer, 29 N. W. 376; Miliani v. Tognini, 7 Pac. 279. The knowledge had at the time of making a contract fixes the rights of the parties. Chase v. Deming, 42 N. H. 274; Clark v. Holmes, 3 Johns. 148; Cowles v. Robinson, 19 Pac. 654; 17 Am. & Eng. Enc. of Law, 1243; Woodhouse v. Duncan, 13 N. E. 334. Where a person under a contract pays the board of another and knowing that from having paid the board he will be expected to continue doing so, and remains silent and makes no objection there is an implied request by him to the proprietor of the hotel to furnish the board. Painter v. Ritchey, 43 Mo. 111; 7 Am. & Eng. Enc. of Law, 12; Parliman v. Young, 2 Dak. 175; Niven v. Belnap, 2 Johns. 573; Dalton v. Rentario, 15 Pac. 37; Sessions v. Ricc, 30 N. W. 735; Richey v. Merritt, 9 N. E. 368; II. Pomerory Eq. Jur. 808.

FULLER, J. For a cause of action against the defendant, the complaint in this case states that plaintiff, a keeper of an hotel, furnished board and lodging to one Martin, an employe of the defendant, for a period of nine weeks, at the special instance and request of the latter, and that the said board and lodging are reasonably worth the sum of $36, no part of which has been paid. Defendant, by his answer, alleged a nonjoinder of parties defendant, and denied that he ever requested plaintiff to provide the board and lodging mentioned in the complaint, or that he ever promised to pay for the same; and further alleges that on the first day of April, 1892, he and two other parties, named in the answer, employed Martin for three months to care for and handle certain stallions which they owned jointly, at an agreed price of $30 per month and board, and that Martin has received the same in full from the defendants. The case was tried to the court on the pleadings without amendment and without a jury, and resulted in a verdict for the plaintiff, from which, and from an order overruling a motion for a new trial, defendant appeals. Our view of the case as to

its subject matter renders it unnecessary to consider the alleged defect in parties defendant.

The facts shown by the undisputed evidence and as found by the court are, in substance, as follows: The defendant, W. S. Billinghurst, C. B. Billinghurst, and George H. Small, jointly owned the horses which Martin contracted to handle at $30 per month and board. On the first day of April the defendant told one Swain, an hotel proprietor, to board Martin, and to come to him when he wanted any money. Under this arrangement with Swain the board was furnished and paid for by the defendant, until the first day of the following September, when plaintiff became the proprietor of the hotel, and continued to board Martin for nine successive weeks, without notifying defendant of the change. The judgment of the trial court is based upon the conclusion that an implied agreement existed between the parties to the suit whereby appellant became liable to pay respondent a reasonable compensation for boarding and lodging said Martin after Swain ceased to be proprietor of the hotel. The arrangement between Swain and appellant, consummated fully five months before respondent began to board Martin, and, so far as it appears from the record, more than seven months before appellant knew that Martin was boarding with respondent, or that he would be called upon to pay therefor, is not sufficient to establish an implied liability on the part of appellant, nor an obligation entered into between appellant and Swain for the benefit of respondent, a third party, and an unconcerned, disinterested stranger to the transaction. It is difficult to see how the contract between appellant and Swain conferred any right upon respondent to voluntarily assume appellant's obligation to board Martin.

Concerning a case disclosing repulsive inhumanity upon the part of a man who, in consideration of a conveyance of all her property had undertaken and agreed to provide for the grantor, upon the refusal of the promisor to comply with his con-

tract the plaintiff had in emergency supplied her with the nec-
essaries of life, which constituted the basis of his action against
the promisor, Mr. Keener, in his work on *Quasi* Contracts (at
page 352), says: "Conceding the act of the defendant to be al-
most criminal, the premise would seem to fail to support the
conclusion that therefore the plaintiff could recover against the
defendant did not contract with plaintiff, nor for his benefit;
and, if he were guilty of a breach of contract, the cause of ac-
tion arising from such breach vested not in the plaintiff, but in
the promisee." So in this case, appellant, in consideration of
the services of Martin, agreed to pay him $30 per month and
board, but he never contracted with, for the benefit of, nor be-
came liable to pay anything to, respondent for boarding said
Martin. It appears from the record that defendant claimed
that Martin neglected to take care of the horses as he had
agreed to do, and it is fair to presume that appellant would in-
terpose a counterclaim in an action by Martin to recover for the
board which appellant had agreed with him to provide, or he
may have been in a position to defeat a recovery in an action
by Swain upon his express promise to pay for such board.
The mere possibility that a counterclaim or defense might ex-
ist in favor of the promisor against the promisee shows the in-
justice of allowing a stranger to force himself into personal af-
fairs of another by which the relation of debtor and creditor is
created, without the knowledge or consent of the latter. In
Ice Co. v. Potter, 123 Mass. 29, A., contracted with C., to sup-
ply him with ice. Subsequently B. bought C.'s business, and,
without notifying A. of the change, continued to furnish him
with ice for one year thereafter. The court, in holding that B.
could not maintain an action for the value of the ice against A.,
said: "There was no privity of contract established between
the plaintiff and defendant, and without such privity the pos-
session and use of the property will not support an implied as-
sumpsit. * * * A party has a right to select and determine
with whom he will contract, and cannot have another person

thrust upon him without his consent.   *   *   *   The implied assumpsit arises upon the dealing between the parties to the action, and cannot arise upon the dealings between the defendant and original contractor, to which plaintiff was not a party.   At the same time, the fact that the right of set-off against the original contractor could not, under any circumstances, be availed of in an action brought upon a contract by the person to whom it was transferred, and who executed it, shows that there is no privity between the parties in regard to the subject-matter of the action.   It is therefore immaterial that defendant had no claim in set-off against C."   See, also, Hills v. Snell, 104 Mass. 173; Schmaling v. Thomlinson (an English case) 6 Taunt. 147 In Savage v. McCorkle, 17 Or. 42, 21 Pac. 444, the court held that:   "Where a decree settled and fixed the libility of the defendant therein to support and maintain the plaintiffs while they lived, one who was not a party to such decree cannot furnish maintenance to the plaintiffs without the defendant's request, and compel the defendant to pay the same directly to him. Such person is a stranger to the decree, and not in privity with any of the parties to it."   Pressing cirumstances may exist, or emergencies may arise involving public interests, which will take a particular case out of the well established rule that no one has a right to force himself upon another as his creditor; but this case is not of that character.   The judgment is therefore reversed, and the case remanded for a new trial.