Argued 9 February, decided 27 March, 1905.

**HARDING *v.* HARDING.**

80 Pac. 97.

INFANTS—VALIDITY OF JUDGMENT AGAINST.

1. A judgment or decree against an infant by a court having jurisdiction of the subject and of the parties is as valid as one entered against an adult.

LEGAL CAPACITY OF INFANTS TO PERSONALLY ASSERT AN ADVERSE CLAIM TO REAL PROPERTY—QUIETING TITLE.

2. An adverse claim to an interest in real property, within B. & C. Comp. § 516, providing that any person claiming such an interest in land not in actual possession of another may sue in equity another who claims an interest therein adverse to him, is the expressed assertion of a right by a claimant of suitable age and sufficient intelligence.

PRACTICE OF SUPREME COURT IN DISPOSING OF CAUSE AFTER AFFIRMING FINAL ORDER ON DEMURRER.*

3. After a decision by the supreme court affirming the ruling of the trial court on a demurrer it is discretionary to affirm the order appealed from, which will end the case, or to remand the cause for further proceedings.

From Marion : REUBEN P. BOISE, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by Charles Harding against Merlin Harding and others, minors, to determine an adverse claim to real property.

---

*NOTE.—This point is decided in *Powell* v. *Dayton, S. & G. R. R. Co.* 14 Or. 22 (12 Pac. 83) ; *State ex rel.* v. *Metschan,* 32 Or. 372 (53 Pac. 1071) ; *McLeod* v. *Lloyd,* 43 Or. 260 (74 Pac. 491) ; and *McFarlane* v. *McFarlane,* 43 Or. 477 (73 Pac. 203).

This rule is assumed as the basis of the court's action in the following named cases: *Fowle* v. *House,* 30 Or. 305 (47 Pac. 787) ; *Lieuallen* v. *Mosgrove,* 33 Or. 282 (54 Pac. 200) ; 37 Or. 446, 448 (61 Pac. 1022). See, also, as illustrative, *McFarlane* v. *McFarlane,* 45 Or. 360, 362 (77 Pac. 837).

REPORTER.

The complaint states, in effect, that the plaintiff, Charles Harding, is the owner and in the possession of the donation land claim of Narcisse A. Cornoyer and wife, in Marion County, and that the defendants Merlin Harding and Clara Harding, who are 19 and 15 years old, respectively, claim an interest or estate in the premises adverse to plaintiff. The prayer is that they may be required to set forth the nature of their claim, that it may be decreed that neither of them has any interest or estate in the land, that they may be enjoined from asserting any claim thereto adverse to plaintiff, and for general relief. The defendants, appearing by their guardian ad litem, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit. The demurrer was overruled, and, the defendants declining further to plead or answer, a decree was rendered as prayed for in the complaint, and they appeal.

AFFIRMED BUT REMANDED.

For appellant there was a brief over the names of *L. H. McMahon* and *George G. Bingham,* with an oral argument by *Mr. Bingham.*

For respondent there was a brief over the names of *W. H. & Webster Holmes* and *R. & E. B. Williams,* with an oral argument by *Mr. Emmet B. Williams.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is maintained by defendant's counsel that a minor is incapable of making a valid claim to an estate or interest in real property, and, though his regularly appointed guardian might effect such a claim for him, because the guardian is entitled to the possession of his ward's lands, the complaint does not allege that the defendants had such a representative, and hence the court erred in overruling the demurrer. The doctrine contended for seems to find expression in the case of *Bailey* v. *Southwick,* 6 Lans. 356, where, in speaking of some of the parties, the court say: "Three of the defendants are infants, and incapable of admitting jurisdiction or of making unjust claim of title." The statute of New York in force when that decision was rendered prohibited the bringing of actions against infants

to compel the determination of an adverse claim to real property: *Mutual Life Ins. Co.* v. *Holloday,* 13 Abb. N. C. 16. The statute of this State does not contain such an interdiction, and is as follows: "Any person claiming an interest or estate in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the purpose of determining such conflicting or adverse claims, interests, or estates": B. & C. Comp. § 516. In a suit where the court has complete jurisdiction of the subject and of the parties, a decree rendered against infant defendants, where there is no evidence of fraud or collusion, is as valid and effectual as if taken against adults: *English* v. *Savage,* 5 Or. 518; *Savage* v. *McCorkle,* 17 Or. 42 (21 Pac. 444).

2. As it is possible, in a suit in equity, to secure adequate relief against minors, it remains to be seen whether or not they can, without the intervention of a legally appointed guardian, make a valid claim to an estate or interest in real property adverse to the alleged owner, who is in the possession thereof. The inquiry involved necessitates an examination of what act on the part of any person initiates such claim.

In *Murphy* v. *Sears,* 11 Or. 127 (4 Pac. 471), it was ruled that persistent attempts on the part of the defendants therein to have the real property claimed to be owned by plaintiffs sold on execution constituted the inauguration of an adverse claim to the premises, within the meaning of the statute. If an "adverse claim" to an estate or interest in real property can be established in no other manner than by an effort on the part of the claimant to disturb the possession of the alleged owner, either by bringing an action to try the title, or by an attempt to sell the premises on execution, it is quite probable that an infant, without the aid of a guardian, is incapable of instituting such claim. An "adverse claim" to an estate or interest in real property, within the meaning of the statute under consideration, is, in our opinion, the expressed assertion of a right to the premises by the claimant; and the commencement of an action to try the title, or an attempt to sell, lease, or dispose of the land, by the person out of possession, affords evidence of such

claim. Thus, in *Miles* v. *Strong,* 68 Conn. 273 (36 Atl. 55), it was held that an expressed assertion by a person of some interest in real property in the possession of another, who claimed an estate therein, created such a conflict of alleged ownership as authorized the latter to maintain a suit to determine the adverse declaration of right. So, too, in *Curtis* v. *Sutter,* 15 Cal. 259, in construing a statute of California similar to ours, it was ruled that a party in possession of land might bring a bill in equity to quiet the title against the party out of possession, who claimed an estate or interest adverse to him, without waiting until he had been disturbed in his possession by legal proceedings instituted against him. In deciding that case, Mr. Chief Justice FIELD, speaking for the court, says: "It is sufficient if, whilst in the possession of the property, a party out of possession claim an estate or interest adverse to him. He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed and judicially determined, and the question of title be thus forever quieted."

The expressed assertion of an adverse claim to an estate or interest in real property, made by a person out of possession, in the presence of others, necessarily creates a suspicion in respect to the validity of the title of the person in possession of the land, claiming to be the owner thereof, and such distrust is measured by the credence given by the hearers to the declaration of right thus asserted in their presence. An infant who has attained suitable age and sufficient intelligence and discretion to cause his expressed assertions generally to be believed can probably affect the person in possession of real property, claiming to be the owner thereof, more injuriously, and inflict greater damage, by adversely claiming an estate or interest in the premises, than can ordinarily result from such a claim when made by an adult, for the latter, having reached his majority, can convey any right or title thereto by deed, but the infant, in consequence of his nonage, cannot transfer his estate, thereby possibly preventing a sale of the land until he becomes of age, or until, by a suit instituted for that purpose, his

adverse claim has been determined. An infant who possesses the knowledge and prudence thus indicated can, in our opinion, without the intervention of a guardian, express an assertion of an adverse claim to an interest or estate in real property which is in the possession of and claimed by another person, thereby authorizing the latter to institute a suit to determine such claim, and, if found to be without right, the infant will be enjoined from further asserting his claim; but, if such claim be ascertained to be well founded, the right of the adverse claimant will be protected. We think it must be assumed that the defendants, who are alleged to be nineteen and fifteen years old, respectively, when this suit was instituted, had attained that period in their lives, and reached that degree of acumen and judgment, to entitle them, without the aid of a guardian, to express such an assertion of claim to an interest or estate in the land in question as to cause their declarations generally to be believed.

3. The complaint was therefore sufficient, and no error was committed in overruling the demurrer; but the cause will be remanded for such further proceedings as may be necessary, not inconsistent with this opinion: *Powell v. Dayton, S. & G. R. R. Co.* 14 Or. 22 (12 Pac. 83).

AFFIRMED BUT REMANDED.

Argued 25 October, decided 28 November, 1904, rehearing denied.