Decided July 13, 1909.

## ANDERSON v. McCLELLAN.

[102 Pac. 1015.]

APPEARANCE—SERVICE OF SUMMONS—WAIVER.

1. A defendant waives his right to object to a judgment for want of proper service of summons by appearing and asking leave to answer to the merits.

JUDGMENT—DEFAULT JUDGMENT—VACATION—GROUNDS.

2. Where substituted summons was had on defendant, a minor 19 years of age, by serving same on his mother, and thereafter the mother was appointed guardian *ad litem*, and served with summons, and subsequently, no appearance having been made, another guardian *ad litem* was appointed and appeared in open court announcing that he had no defense and declining to plead, and it did not appear that defendant took any interest in the matter, though counsel had been consulted, the court did not abuse its discretion in refusing to open judgment against him.

INFANTS—GUARDIAN AD LITEM—DISQUALIFICATION.

3. That a client of some of the attorneys in the case was appointed guardian *ad litem* for an infant defendant, did not disqualify him from serving defendant as such, unless the retainer was in the matter relating to the subject in dispute.

JUDGMENT—DEFAULT JUDGMENT—OPENING DEFAULT—DISCRETION OF COURT.

4. The granting or refusing the motion to open a default is a matter resting in the sound discretion of the court, and its exercise will not be disturbed, except for abuse of that discretion.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE MCBRIDE.

George W. Anderson, plaintiff, brought ejectment proceedings against Theodore McClellan, Arizona McClellan and George Bowsman, defendants, to recover certain lands situated in Grant County. Summons was served upon Theodore McClellan and Arizona McClellan personally, but, George Bowsman not being at what the sheriff deemed his legal place of residence, substituted service was made upon Mrs. Arizona McClellan, his mother. The sheriff's reurn on the summons is as follows:

"State of Oregon, County of Grant, ss: I hereby certify that on the 25th day of August, 1908, near Mt. Vernon, in Grant County, Oregon, I served the within summons on the within named defendants, Theodore McClellan and Arizona McClellan, by delivering to each thereof in person a true and correct copy thereof, prepared and certified to by me, as sheriff of said county, Oregon, together with a copy of the complaint certified to by V. G. Cozad, one of the attorneys for plaintiff; and that I served the within summons on the within named George Bowsman, by delivering a true and correct copy thereof prepared and certified to by me as sheriff of said county, together with a copy of the complaint certified to by V. G. Cozad, one of the attorneys for plaintiff, to Arizona McClellan, a white person, over the age of fourteen years, and mother of said George Bowsman, at the usual place of abode of said George Bowsman, in Grant County, Oregon, being unable to find the said George Bowsman in person."

George Bowsman was a minor, nineteen years of age, and on the 11th day of September, 1908, plaintiff filed a petition praying that F. S. Slater be appointed his guardian *ad litem.* The court thereupon appointed his mother guardian *ad litem,* and directed that she be served with summons and copy of the complaint. On the 12th day of September, 1908, a summons, directed to her as guardian, was served. On the 23rd day of September, 1908, no appearance having been made for George Bowsman, plaintiff's attorneys again asked that F. S. Slater be appointed, and the court appointed him to look after the interest of said minor. On September 24th Slater appeared in open court and announced that he had no defense to make for said minor, and declined to plead to plaintiff's complaint, and defendant was adjudged in default and judgment was rendered against him. The McClellans had previously made default. On November 4, 1908, Bowsman asked for the appointment of Mrs. McClellan as guardian *ad litem* for the purpose of moving to vacate the judgment against him and she was thereupon

appointed, and, appearing specially by her attorneys, filed a motion to vacate it. On December 3, 1908, the motion was argued and denied by the court. On December 9th Bowsman, by his guardian *ad litem,* filed a motion to vacate the judgment and for leave to answer, accompanied by affidavits and an answer, denying the allegations of plaintiff's complaint, and setting up title in fee simple in himself. Plaintiff filed a counter affidavit of the sheriff of Grant County, and, after argument, the motion was denied. Defendant Bowsman by his guardian —Arizona McClellan—appeals from the judgment by default, from the order refusing to vacate the judgment, and from the second order refusing to open the judgment and permit him to answer.          AFFIRMED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580 (91 Pac. XII).

For appellant there was a brief over the names of *Messrs. Hicks & Marks.*

For respondent there was a brief over the names of *Mr. V. G. Cozad, Messrs. Cattanach & Wood,* and *Mr. M. Dustin.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. The defendant waived his right to object to the judgment for want of proper service of summons by appearing and asking leave to answer to the merits. *Mayer v. Mayer,* 27 Or. 133 (39 Pac. 1002). It will not therefore be necessary to discuss the various objections raised by defendant's counsel to the sufficiency of the service or the regularity of the judgment.

2. The defendant presented affidavits attempting to excuse his lack of diligence in making an appearance in the cause. A copy of summons and complaint was left with his mother for him on August 25, 1908, and he claims in his affidavits that he did not return home for 15 days afterward, which would be on the 9th of Septem-

ber. No default had been taken against him at that time, and on the 11th of September his mother was appointed his guardian *ad litem*, and on September 12, 1908, summons directed to her as guardian was served upon her, and it appears from the affidavit of the deputy sheriff that Geo. Bowsman was present at the time of this second service; that both he and his mother conversed with the sheriff about the case; and that Geo. Bowsman read over the papers. On the same date the guardian wrote the sheriff a letter, stating that she had shown the summons to a lawyer, and that the proceedings were fraudulent and generally berated the deputy sheriff and everybody else connected with the case. The time having expired for defendant to plead, and no answer or appearance having been made, counsel again asked that Mr. Slater be appointed to appear for the minor defendant. The court appointed him, and the next day he appeared and declined to make any answer or defense.

3. On the face of the proceedings it appears that the court was very indulgent in appointing a second guardian after the first had made default, and there seems to have been an honest effort to get the parties into court. While defendant Bowsman was a minor, yet it would seem that he was certainly old enough to have taken some interest in his own affairs. In this state it has been held that persons of this age are so capable of judging of their own affairs that they may be subject to a suit for asserting an unjust claim to real property. *Harding* v. *Harding,* 46 Or. 178 (80 Pac. 97). Of course, he could not appear except by guardian, but he seems not to have taken any interest in the matter in any way, although according to his mother's statement counsel had been consulted in the matter. There is nothing to impeach the good faith of Slater except the statement of defendant that he was a client of some of the attorneys. The extent of his business as such client does not appear, and that relation would not disqualify him from serving as guard-

ian, unless the retainer was in a matter relating to the subject in dispute.

4. As defendant was already in default by the failure of his former guardian to answer in the case, the appointment of Slater was unnecessary, and, even if he had been disqualified, no harm would have resulted. It is fair to presume that the circuit judge had knowledge of Mr. Slater's character and qualifications, and that he would not have appointed him unless he had known him to have been a fair man. Granting or refusing a motion to open a default is a matter resting in the sound discretion of the court, and its exercise will not be disturbed, except for abuse of that discretion. *Hanthorn* v. *Oliver*, 32 Or. 57 (51 Pac. 440: 67 Am. St. Rep. 518).

After a careful examination of the affidavits filed in this case, we cannot say that the court below abused its discretion in refusing to open the judgment in this case. The judgment of the lower court is affirmed.

AFFIRMED.