### McELROY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

JUDGMENT (§ 343*)—CONCLUSIVENESS—VACATION.

Where plaintiff, employed by a board of education, brought suit for alleged arrears of salary accruing between March, 1908, and April 25, 1911, alleging the additional amount due to be $10 a week, in which action judgment was entered for plaintiff by consent February 6, 1912, and was paid during the same month, plaintiff, in the absence of fraud or mutual mistake, was not entitled to have the judgment set aside that he might take advantage of a subsequent adjudication under which he might have been entitled to recover more.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 672, 677; Dec. Dig. § 343.*]

Appeal from Special Term, Kings County.

Action by Edward McElroy against the Board of Education of the City of New York. From an order vacating a judgment previously entered for plaintiff, defendant appeals. Reversed.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Charles McIntyre, of New York City (Terence Farley, of New York City, on the brief), for appellant.

John T. Loew, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

STAPLETON, J.  The order from which the appeal is taken, made upon plaintiff's motion, vacates and sets aside a judgment entered in his favor upon his acceptance of an offer by the defendant to allow the plaintiff to take judgment against it.

The judgment was entered on the 6th day of February, 1912, and plaintiff collected upon it on the 26th day of February, 1912.  This motion was noticed on the 6th day of May, 1913.

The only ground advanced by the plaintiff in support of the motion is that there was an oral understanding, between the attorney for the plaintiff and the deputy and acting comptroller of the city of New York, that the judgment was not to determine the litigation between the parties.  The assertion of this understanding is sharply disputed, and, in any event, if the understanding existed it was merged in the judgment.  Davies v. Mayor, 93 N. Y. 250, 255.

The plaintiff commenced an action on the 24th day of April, 1911. He was an architectural draughtsman employed by the board of education of the city of New York.  From the 8th day of April, 1908, to the 25th day of April, 1911, he was paid a salary of $25 weekly pursuant to a fixation thereof by the board of education.  The board of aldermen, then the properly authorized body, had, in 1903, made a fixation of $35 weekly, which remained unchanged until the 23d day of September, 1910, when the board of aldermen, on the recommendation of the board of estimate and apportionment, with the approval of the mayor, fixed the salaries in accordance with the existing current pay rolls.  The city construed this fixation to be $25 weekly.  The plaintiff's claim was for the additional $10 weekly from March, 1908, to the 25th day of April, 1911.  The sum for which the judgment was entered included only the arrears which accrued down to September, 1910.  The court, at the suit of those who did not compromise, disagreed with the defendant's construction of the resolution of the 23d day of September, 1910, and the plaintiff seeks to secure, by vacating the judgment, the benefit of that adjudication.

There is no assertion of mutual mistake or of fraud.  We are unable to perceive any reason for vacating or setting aside a judgment upon such a state of facts.  Judgments, whether resulting from decision, verdict or agreement, are solemn instruments and should not be subject to interference suggested by caprice, interest, or afterthought.  They should stand irrevocable unless, in furtherance of justice, they should be vacated upon grounds which have been established as authorizing the exercise of the extraordinary power of the court.  Ward v. Town of Southfield, 102 N. Y. 287, 292, 6 N. E. 660; Davies v. Mayor, 93 N. Y. 250, 253; Stilwell v. Carpenter, 59 N. Y. 414, 423.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs.

JENKS, P. J., and RICH and PUTNAM, JJ., concur.  CARR, J., concurs, but reserves any opinion as to whether the judgment sought to be vacated would be a bar to another action for arrears of salary which accumulated after the entry of the judgment.  Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663.