[No. 12259.    Department One.    June 10, 1915.]

John Burke *et al., by their Guardian ad litem, Bertie Burke, Respondents*, v. Northern Pacific Railway Company, *Appellant.*[1]

Infants—Judgments—Conclusiveness — Vacation — Fraud.  A consent judgment, after a hearing on evidence, compromising a suit on behalf of minors, duly represented by guardian *ad litem*, will not be set aside for constructive fraud, in that a known material witness was not produced by the guardian; since there is no distinction between decrees in favor of adults and infants duly represented, and fraud to set aside a judgment must be actual and positive, and clearly and satisfactorily proved.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 18, 1914, upon findings in favor of the plaintiffs, in an action to vacate a judgment, tried to the court. Reversed.

*Cannon, Ferris & Swan*, for appellant.

*A. O. Colburn* and *Luby & Pearson*, for respondents.

Morris, C. J.—This is the same case reported in 80 Wash. 188, 141 Pac. 364, wherein a motion to dismiss the appeal was denied; the appeal being from an order setting aside the first judgment. But little need be added to the statement

[1]Reported in 149 Pac. 335.

of facts contained in the first opinion for a proper under-standing of the questions upon which this appeal hinges. The lower court found that the amount to be paid having been agreed upon, Mrs. Burke, accompanied by her attorney and the attorney for the railroad company, appeared before the court in the department of Kennan, J., and made a state-ment to the court touching the controversy. The record shows, in addition to this finding, that Mrs. Burke was called to the stand and interrogated by the court as to her knowl-edge of the facts upon which the action was based, her atti-tude towards the proposed settlement, and her judgment as to whether or not it conserved the best interests of the minor children; and the court, upon hearing the statements and evidence of Mrs. Burke, made findings and entered judgment. The proceeding to vacate the judgment so entered was had before Huneke, J., and the finding upon which the conclusion of constructive fraud was made is that,

"The attention of the court was not called to all the facts pertaining to the matter, in that one Frank Weston, who was personally present and conversant with the facts involved in the accident resulting in and causing the death of said Ed-ward Burke, was not produced, nor were such facts otherwise called to the attention of the court, though the knowledge of such witness as to these facts was well known to the said Bertie Burke and her attorney, and though the presence and testimony of said witness could have been readily secured and that the testimony of said witness, had it been produced, would have substantially supported the allegations of the complaint and established *prima facie* negligence on the part of the defendant contributing to the injury and death of said Edward Burke, and was material to the issue of compromise, and should have been produced."

Weston was produced at this hearing and testified to facts within his knowledge. It appears that, at the time of the accident, he was upon the platform of the caboose with a brakeman named Brown. This fact was known to Mrs. Burke at the time of the hearing upon the settlement, and she testified she indicated the fact to her attorney. Weston

now testifies that, shortly after the accident, he called upon the attorney for Mrs. Burke and indicated to him the facts concerning the accident within his knowledge. The brakeman, Brown, had also called at the office of Mrs. Burke's attorney, who obtained from him a statement of the facts within his knowledge. This statement is now produced. It does not differ materially from the facts testified to by Weston, so that it is clear, at the time of the settlement, that Mrs. Burke and her attorney knew all of the facts concerning the accident in so far as Brown and Weston could relate them.

Brushing aside a number of technical errors suggested by appellant, such as that the parties in this action are not the same as those in which the judgment was entered, that all the parties in the former action are not made parties in this action, the statute of limitations and other so-called infirmities, we will determine whether or not these facts support the judgment. It may be said, first, that, in the absence of fraud or collusion, minors properly in court are bound as fully as persons of full age, and when properly represented, are bound by the knowledge of those who represent them. The law recognizes no distinction between a decree in favor of or against infants and a decree to which adults only are parties. The same invalidating vice must be found in the one case as in the other. *Kromer v. Friday*, 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; *English v. Savage*, 5 Ore. 518; *Savage v. McCorkle*, 17 Ore. 42, 21 Pac. 444; *Harrison v. Wallton's Ex'r.*, 95 Va. 721, 30 S. E. 372, 64 Am. St. 830, 41 L. R. A. 703; *Johnson v. Johnson*, 38 Tex. Civ. App. 385, 85 S. W. 1023; 1 Daniel, Chancery Practice, § 164.

Speaking to this point, it is said in *Thompson v. Maxwell Land Grant & R. Co.*, 168 U. S. 451:

"It would be strange, indeed, if, when those authorized to represent minors, acting in good faith, make a settlement of claims in their behalf, and such settlement is submitted to the

proper tribunal, and after examination by that tribunal is found to be advantageous to the minors and approved by a decree entered of record, such settlement and decree can thereafter be set aside and held for naught on the ground that subsequent disclosures and changed conditions make it obvious that the settlement was not in fact for the interests of the minors, and that it would have been better for them to have retained rather than compromised their claims. If such a rule ever comes to be recognized, it will work injury rather than benefit to the interests of minors, for no one will make any settlement of such claims for fear that it may thereafter be repudiated. The best interests of minors require that things that are done in their behalf, honestly, fairly, upon proper investigation and with the approval of the appropriate tribunal, shall be held as binding upon them as similar actions taken by adults."

No question is raised but that the infants were properly in court in the suit in which this judgment was entered. Our practice provides for the appointment of a guardian *ad litem* to represent infant parties, and when so appointed, the infant is properly in court for all purposes, and the same procedure is applicable in such cases as in cases where all parties are of full age. *State ex rel. Lane v. Ballinger*, 41 Wash. 23, 82 Pac. 1018, 3 L. R. A. (N. S.) 72.

The lower court has only found constructive fraud based upon the failure of the guardian *ad litem* to produce the witness Weston. This does not seem to us sufficient to vacate the judgment. Fraud which will justify the setting aside of judgments and decrees must be actual and positive, and not merely constructive, and the proof relied upon must be clear and satisfactory to successfully assail judgments regularly entered. It must be something more than a suspicion. *Wilson v. Hubbard*, 39 Wash. 671, 82 Pac. 154; *Meeker v. Mettler*, 50 Wash. 473, 97 Pac. 507; *Ross v. Wood*, 70 N. Y. 8; *Markell v. Hill*, 64 App. Div. 191, 69 N. Y. Supp. 537, 71 N. Y. Supp. 924; *Ward v. Southfield*, 102 N. Y. 287, 6 N. E. 660; *Lieber v. Lieber*, 239 Mo. 1, 143 S. W.

458; *Nichols v. Stevens,* 123 Mo. 96, 25 S. W. 578, 27 S. W. 613, 45 Am. St. 514; *Ohio & W. Mortgage & Trust Co. v. Carter,* 9 Kan. App. 621, 58 Pac. 1040; *McDonald v. Pearson,* 14 Ala. 630, 21 South. 534; *United States v. Throckmorton,* 98 U. S. 61; *Parham v. Burns,* 135 App. Div. 884, 120 N. Y. Supp. 142; *McElroy v. Board of Education,* 158 App. Div. 219, 142 N. Y. Supp. 1090; *Belle v. Brown,* 37 Ore. 588, 61 Pac. 1024; 1 Bigelow, Fraud, pp. 87, 88.

The failure of the guardian *ad litem* to produce a known witness is not such fraud as will justify vacating a judgment in favor of herself and the minors when it appears, as this record shows, that the judgment was granted upon a hearing, the guardian *ad litem* sworn and examined by the court, and the court advised of the facts and circumstances before entering judgment. Cases are numerous where compromise settlements in behalf of minors have been set aside where such settlements have been made by parents, next friends, and guardians *ad litem*. The reasoning generally advanced for such a rule is that the persons assuming to effect the compromise had no power without authority of court to compromise or settle any cause of action in favor of the infant, or some flaw has been found which convinced the court that the infants were not properly represented. No such flaw appears in this case. The guardian *ad litem* was regularly appointed; a reputable attorney was employed to investigate the accident and wage action against the railway company; the settlement agreed upon was submitted to the court, with the statement of the circumstances giving rise to the controversy; the court made inquiry into the facts, examined witnesses, and after such a hearing, made findings to the effect that the best interests of the minors was conserved by the compromise, and entered a regular judgment. Under such circumstances the better reasoning supports the finality of the judgment. *Tripp v. Gifford,* 155 Mass. 108, 29 N. E. 208, 31 Am. St. 530; *Missouri Pac. R. Co. v. Lasca,* 79 Kan. 311, 99 Pac. 616, 21 L. R. A. (N. S.) 338.

While Judge Kennan, who entered this judgment, had no special recollection of the proceedings before him, he testified fully as to the course always pursued by him in entering judgments of this character, and as to the inquiry made in order to satisfy himself that the proposed settlement was for the best interests of the minors. As is said in *Thompson v. Maxwell Land Grant & R. Co., supra:*

"Ordinarily, indeed, a court before entering a consent decree will inquire whether the terms of it are for the interests of the infants. It ought in all such cases to make the inquiry, and because it is its duty so to do it will be presumed in the absence of any showing to the contrary, that it has performed its duty. . . . The consent decree shows fully the terms of the settlement, and it certainly is not straining the presumption in favor of judicial action to assume that the court would not have permitted the entry of this decree providing for a settlement whose terms were thus disclosed, without being satisfied that such settlement was for the interest of the minors who were under its charge."

The judgment is reversed, and remanded with instructions to dismiss the petition.

HOLCOMB, MOUNT, CHADWICK, and PARKER, JJ., concur.