Brewer v. Stoddard.

---

BREWER ET AL. V. STODDARD ET AL.

1. Guardian and Ward: ORDER OF COURT: NOTICE. Notice to a ward of an application to the Circuit Court for an order directing the guardian to pay a claim for the support of the ward is unnecessary, the proceeding not being adversary in its nature, and the guardian being subject to the direction of the court like its own officers.

*Appeal from Hamilton Circuit Court.*

WEDNESDAY, OCTOBER 23.

ACTION upon a guardian's bond. There was a judgment for plaintiff against the guardian, but not against the surety. The guardian and plaintiffs all appeal. The facts of the case appear in the opinion.

*Hyatt & Lee*, for plaintiff.

*Miracle & Kamrar*, for defendant.

BECK, J.—I. The petition declares upon a bond given by Stoddard as the guardian of plaintiffs. The other defendant signed the bond as surety. The plaintiffs aver that the guardian received large sums of money which he has failed to account for or pay to plaintiffs since they became of age.

Brewer v. Stoddard.

The answer of defendants alleges that the guardian paid all the money received by him, upon the order of the Circuit Court appointing him guardian, to Margaret Brewer, the mother of plaintiffs, on claims presented by her against the wards of defendant, and duly allowed by that court.

The defendants filed a cross-petition, setting up an equitable defense to the action and claim against plaintiffs. It shows that, under the sanction of the court having jurisdiction of the guardianship of plaintiffs, their mother charged them for the expenses of their support, and presented an account therefor, which the court allowed, and the guardian was directed by proper order to pay it. In pursuance of this authority the guardian paid the mother of plaintiffs the sum thus allowed her, which exceeded the amount of money held by defendant as the guardian of plaintiffs. Many matters are recited in the answer which it is not necessary to state here. It is shown, among other things, that a large part of the money paid to the mother by defendant was appropriated in building a house upon land of plaintiffs and their mother, which is used as a homestead by the family. The cross-petition asks that the defendant be discharged as guardian, and his bond be cancelled. The cause is not triable here de novo, having been tried in the court below upon oral testimony, without an order, as provided for by Code, § 2742.

II. The evidence discloses certain orders of record made by the Circuit Court, acting in probate matters, allowing claims filed by the mother against the wards, and directing the defendant as guardian to pay them.

The decree contains findings of fact and conclusions of law from which it appears that the court below found as a fact that defendant paid, upon the orders made in the guardianship proceedings upon the claims of the mother, the amount equaling, or nearly so, the money received by him.

As a conclusion of law the court found that the orders

Brewer v. Stoddard.

allowing the mother's claim were void, and the defendant, therefore, paid the money without authority.

The court appears, upon defendant's cross-petition, to have made a settlement of the guardianship matters, and found the plaintiffs, or two of them, entitled to recover of the guardian sums less than they claimed, and rendered judgment accordingly. Both parties object to the judgment, and assign errors upon the record.

III. The court below, it is presumed, held the orders of the Probate Court void, on the ground that the wards, plaintiffs in this case, were not served with notice of the proceedings, and made parties thereto. We cannot concur in this conclusion.

1. GUARDIAN and ward: order of court. notice.

The Circuit Court, acting as a court of probate, has jurisdiction of matters of guardianship. Code, § 2312. A guardian is charged with the custody and management of the money and property of the ward, which may be appropriated to his support and education. The Probate Court has authority to direct and control the guardian in making expenditure for such purposes. In the case before us the court would have had authority to direct the guardian to pay the mother for the support of the wards, and after such support had been received by the wards a like order was proper. It was procured in this case upon the application of the mother.

These proceedings are not adversary in their nature, nor do they partake of the character of an action. The guardian in discharge of his duty is directed as the court, in a proper case, would direct its officers. There is, therefore, no necessity for notice to the wards. The statute does not require it. Code, §§ 2566, 2567, 2568, cited by plaintiffs' counsel, are applicable to *actions*—adversary proceedings—against minors, and not to orders of the character of those under consideration.

We think the uniform practice of the courts of this State, in probate matters of this character, accords with our conclusions.

But, should it be held that the allowance of the claim against the estate of the wards is an adversary proceeding, the wards are represented by the guardian, or, more properly, the guardian is the proper party to defend for the wards. As the guardian appeared no notice to him was necessary.

We conclude that the court below erred in holding that the orders made by the Probate Court were void. Other questions raised by defendant need not be considered.

IV.   The plaintiffs objected to the introduction in evidence of the record of the orders of the Probate Court, and of the accounts and claims upon which the court acted in making these orders. As we have seen, the orders are valid, and, therefore, justify the payments made by defendant thereunder. The accounts and claims are a part of the proceedings. They were competent evidence.

No question is raised or decided by us as to the form of the proceedings.   The rights of the parties upon this case, as presented to the court below, have only been considered.

The decree of the Circuit Court will be reversed, and this cause will be remanded for further proceedings in harmony with this opinion.

REVERSED.