## HAGY v. AVERY.

1. **Guardian:** POWER TO COMPROMISE SUIT AGAINST WARD: QUITCLAIM OF REALTY: NOTICE TO WARD. Under § 2250 of the Code, a guardian has power, under direction of the court, to compromise a suit against his ward involving the title to real estate; and in doing so he may execute a valid quitclaim deed for the real estate in litigation, without notifying the ward of the application to the court for leave to do so, as is required in ordinary cases where authority is sought to sell the real estate of the ward.

*Appeal from Woodbury District Court.*

THURSDAY, OCTOBER 7.

ACTION in equity to determine the ownership of real estate. Judgment for the plaintiff, and defendant appeals.

*Hubbard & Spalding* and *J. H. & C. M. Swan*, for appellant.

*Joy, Wright & Hudson*, for appellee.

SEEVERS, J.—In 1866, James Wasson was the owner of the real estate in controversy, consisting of two lots in Sioux

City, Iowa. Wasson resided in Maryland, and Thomas J. Stone was his agent, to the extent at least of paying taxes. Both Stone and the plaintiff resided in Sioux City, and George C. Avery, the defendant's father, was Stone's clerk. In November, in the year above stated, the plaintiff desired to purchase the lots, and he applied to and procured Stone to write to Wasson, and ascertain at what price the lots could be purchased by a person who owned an adjoining lot. This letter was written by Avery under the direction of Stone, and in the name of the latter. In February, 1867, Wasson forwarded to Stone a deed conveying the lots to him, for the reason that he did not know the name of the purchaser. The letter inclosing this deed was opened by Avery. He was authorized to open it, and he thereupon wrote to Wasson, in Stone's name, returning the deed, and stating that George C. Avery was the purchaser, and requesting him to execute the deed accordingly. This Wasson did, and Avery, in the name of Stone, remitted the purchase price to Wasson, and placed the deed upon record. This was all done without the knowledge of either Stone or the plaintiff. In May, 1868, the plaintiff commenced an action against George C. Avery to compel him to convey said lots to the plantiff, on the ground that he had procured the title from Wasson by fraud, and that he had full knowledge of the negotiations entered upon by Stone for the plaintiff. The petition in this case was answered by George C. Avery, proofs were taken, and the cause was ready to be submitted to the court, when George C. Avery died, leaving his widow, Sarah M. Avery, and the defendant, who was a minor, his heirs at law. · The death of George C. Avery was suggested, and the plaintiff asked to have the said Sarah and the present defendant made defendants in that action, and William L. Joy appeared for said defendants, and waived notice in their behalf. Prior to the entering of such appearance, Sarah M. Avery had been appointed guardian of the person and estate of the defendant. The cause was afterwards submitted to the court, and it was

found that the plaintiff was entitled to the relief asked, and a decree was accordingly entered. By this decree, if valid, and a conveyance made by a commissioner appointed by the court for that purpose, the title to the lots was vested in the plaintiff, who was required to pay to the defendants therein between nine and ten hundred dollars.

An appeal was taken by the defendants to the supreme court, but before the cause was heard in that court Sarah M. Avery presented to the circuit court a petition entitled "In the Matter of the Guardianship of Geo. W. Avery," stating the commencement of said action, and the substitution of herself and George W. Avery as defendants; and that a decree had been rendered quieting the title to the lots in the plaintiff, and divesting the heirs of said George C. of such title, but that, by the decree, the plaintiff was required to pay $950. The fact that an appeal was taken, and that an offer to compromise and settle the suit had been made by the plaintiff upon the payment by him to said heirs of the sum of $1,400, was stated. It was further stated that the petitioner deemed the compromise offered as advantageous to her and the said George W. Avery, and asked that she be authorized to compromise the said suit upon the terms stated, and execute a quitclaim deed conveying the interest of George W. Avery in said lots to the plaintiff. The matter of the petition was heard in the circuit court, and she was fully authorized to accept the compromise, and execute a convey-ance on her own behalf, and also as guardian of George W. Avery, conveying the premises in controversy to the plaint-iff, who paid to her the said sum of $1,400.

This action was commenced in 1884 for the purpose of quieting the title to the lots, for the reason that George W. Avery was claiming that his right and title thereto had not been cut off by the proceedings aforesaid; and the plaintiff claims the right to recover on the grounds—*First*, that the decree of the district court, and conveyance made in pursu-ance thereof, divested the defendants of all title in the prem-

ises. To this the defendant responds that he was not served with notice of said proceeding, and that Mr. Joy was not authorized to appear for him, and therefore he is not bound by the decree. *Second*, the plaintiff claims to recover by reason of the compromise, and authority to make it conferred by the circuit court, and conveyance made in pursuance thereof. To this the defendant objects, because the proceeding in the circuit court was of an adversary character, and in effect it amounted to a sale of real estate belonging to him, and therefore he was entitled to notice, and, as none was given, the conveyance and authority conferred on his guardian is absolutely void. There are other grounds of recovery upon which the plaintiff relies, which, and the defenses thereto, need not be stated.

Whether the defendant was entitled, at the time George C. Avery died, to any interest in the real estate in controversy, is doubtful. There was an action pending to determine such question. His guardian was charged with the duty, under the direction of the circuit court, of protecting the interest of her ward in this respect. It is provided by statute: "Guardians of the property of minors must prosecute and defend for their wards. They must also, in other respects, manage their interests under the direction of the court. They may thus lease their lands or loan their money during their minority, and may do all other acts which the court may deem for the benefit of their wards." Code, § 2250. This confers upon the guardian ample power to compromise a pending suit if the court sanctions and authorizes such a course. The only limit to the guardian's authority is that, before the compromise can be legally made, authority from the court must be obtained. This is not an adversary proceeding of the guardian against the ward, but, in seeking to obtain the requisite authority from the court, the guardian is subserving the interest of his ward. The petition to obtain such authority is filed in the ward's interest. Notice to him is not required, and it is not certain that the guard-

ian, in the absence of fraud, would not have the power to compromise a pending action without obtaining authority from the court. The burden, however, in such case, would be on the guardian or other party to show that the compromise was in all respects fair, and for the best interest of the ward. However this may be, as the compromise was made in this case with the approval and under the authority of the court, it, in the absence of all evidence tending to show fraud or undue advantage, is legal, and binding on the defendant; and it is immaterial whether he was notified of the application made to the court in his behalf and in his interest or not. The fact that a judgment had been entered in said action is immaterial. The guardian had the power, under the direction of the court, to settle the pending litigation, whether a legal and binding judgment had or had not been entered.

It is said that, as the interest of the minor in the lots was conveyed, this amounts to a sale and conveyance of his real estate, and that, before this can be done, the minor is entitled to notice. But in this case it is doubtful whether the defendant had any such interest or not. His claim was questioned; and if, in order to effect a compromise, a quitclaim of such interest was required, we are unable to see why the court might not authorize it to be made. To some extent, at least, these views are sustained by *Brewer·v. Stoddard*, 49 Iowa, 279, and *Bunce v. Bunce*, 59 Id., 533.

The judgment of the district court is

**AFFIRMED.**