CASE 77—PETITION ORDINARY—JUNE 18.

# Manion, By, &c., v. Ohio Valley Railway Company.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. GUARDIAN AND WARD—RIGHT OF GUARDIAN TO COMPROMISE CLAIM OF HIS WARD.—Without statutory restraint, a guardian may compromise, settle and release claims and demands due to, or made by or on behalf of his ward, and the ward will be bound thereby, unless it is done in bad faith, or in fraud of his rights.

2. STATUTORY CONSTRUCTION.—The provision of section 2030 of the Kentucky Statutes that a guardian "with leave of court, may compound a debt or demand" of his ward, means only such debts or demands as may be due or owing to the ward, and not such as are of the nature of unliquidated damages for tort to the person or property of the ward, and a settlement by the guardian without leave of court of such a claim for unliquidated damages is binding on the ward, if made in good faith.

S. B. & R. D. VANCE FOR APPELLANT.

1. While at common law the guardian had authority to compromise or compound a claim or demand of his ward, the provision of section 2030 of the Kentucky Statutes that he may do so "with leave of the court," was intended to and did abrogate that common-law right, and negatives his authority to do so, in any other way than as therein provided. (Hayes v. Mass. Mut. Life Ins. Co., 18 N. E. Rep., 322 (Ill.), and authorities there cited.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The question raised in this case is whether the guardian of the infant appellant had the lawful power to bind him by compromising a claim for damages against the appellee, alleged to have been caused by reason of the negligence of the appellee.

It seems that the infant appellant was in the service of the appellee company on the 27th day of July, 1892, in the capacity of watchman and fireman on one of its engines, and that on that day, at McLean Station, on Green River Island, between Henderson and Evansville, he stumbled over a pile of rocks and fell upon the railroad track in front of the engine, and his leg was run over and broken and "so badly mutilated that it had to be amputated just below the knee."

Afterwards James F. Manion, his father, was appointed and qualified as his guardian, and compromised with the company for the sum of four hundred dollars, which was paid by the company and the receipt of the guardian taken for the amount, which reads as follows: "Received, March 31, 1893, of the Ohio Valley Railway Company, the sum of four hundred dollars, in full compromise, satisfaction and discharge of all claims or causes of action against it, or any of its lessees, and particularly of all claims or causes of action arising out of injuries received by Matthew Manion, by loss of leg, by being run over by engine No. 6, on O. V. Railway, near mile 494, on or about July 27, 1892."

Action was commenced against the company by the infant, suing by his said guardian, on the 30th day of June, 1893, seeking to recover five thousand dollars in damages for the alleged injury. Defense was made, in which the alleged negligence was denied, and the said compromise and payment of four hundred dollars, and receipt therefor, were set up as a full discharge of the company from all further liability to the infant appellant.

In the reply it was admitted in substance that the compromise was made, and the four hundred dollars were paid as alleged in the answer; but it was averred that "in consideration of the payment of said sum, and the agreement of

defendant to furnish a place and employment to the plaintiff, his guardian did agree that same should be a settlement of all claims and causes of action against the defendant arising out of said injury."

It was then averred that the company, having paid the four hundred dollars, "refused to give employment to plaintiff, as it had agreed," and that *"said agreement was made by his said guardian without leave of court, and was not binding on him."* A demurrer to the reply was filed and sustained by the court and the petition dismissed, and that judgement is before us on this appeal.

Without statutory restraint a guardian may compromise, settle and release claims and demands due to or made by or on behalf of his ward, and the ward will be bound thereby unless it is done in bad faith or in fraud of his rights. Authorities on this question are collated in a valuable note to the case of Hayes v. Massachusetts Mutual Life Ins. Co.. 1 L. R. A., 304, decided by the Supreme Court of Illinois.

It is insisted by counsel for the appellant that the powers of guardians in this State are restricted by statute, and that the compromise made by the guardian in this case was unauthorized, and was not binding on the infant appellant.

The statute relied on is section 5 of article 2 of chapter 48 of the General Statutes (Kentucky Statutes, section 2030), which contains the following provision with reference to the duties and powers of guardians, viz.: "He shall receive and sue for the *debts and demands owing to the ward,* defend actions against him and, with leave of court, may compound *a debt or demand."*

The contention is that the compromise, having been made by the guardian without leave of court, was without authority, or beyond the authority conferred upon him by law, and was, therefore, not binding on the infant appellant.

Manion, By, &c., v. Ohio Valley Railway Co.

It does not appear that this question has heretofore been passed on by this court, nor do we deem it necessary in this case to determine how far the powers of guardians are restricted by the statute with reference to the compounding of *debts and demands owing to their wards*, for it is manifest that the claim for damages here is not the kind of claim which is embraced in the meaning of the words "debt or demand" used in the statute, and which a guardian may not "compound" without leave of court, the words used, in our opinion, being intended to designate or describe such claims as may be *due or owing* to the ward, and, consequently, not such as are of the nature of unliquidated damages for tort to the person or property of the ward. (Anderson's Dictionary of Law, *in loco* "Claim," "Demand.")

We hold, therefore, that the guardian had the power and authority in law to compromise the claim, and that the court did not err in sustaining the demurrer to the reply. If the terms upon which the claim for damages was compromised have not been complied with, that is not a matter that was cognizable in this case; and if there was bad faith or fraud in the transaction on the part of the company it does not appear from the averments in the reply.

Finding no error, the judgment is affirmed.