MINNIE BELLE KREAMER et al., Appellants, v. ALVERN S. WEN-
DEL et al., Appellees.

**GUARDIAN AND WARD: Custody of Estate—Power to Compromise**
1 **Litigation.** The guardian of a minor has power, without notice to
the minor, and without the appointment of a guardian *ad litem*, *but*
*with the approval of the probate court*, in good faith, to enter into
a valid, irrevocable, written compromise and settlement of a dispute
arising out of the attempt by the minor to probate a will in which he
was a devisee, even though such compromise and settlement sets aside
to the minor property of a materially different quality and quantity
from that devised by the will; and especially is this true when the
guardian, on his final report, again presented said matter to the court,
and when, on due notice to the minor, and after the appointment of a
guardian *ad litem*, the court approved said final report.

**GUARDIAN AND WARD: Custody of Estate—Non-adversary Proceed-**
2 ings. The good-faith compromise by a guardian, with the approval
of the court, of pending litigation to which the minor is a party is
not a proceeding adversary to the minor.

**GUARDIAN AND WARD: Sale and Conveyance—Compromise of Liti-**
3 gation. The statutory provision (Sec. 12587, Code of 1924) that the
real property of a minor may be mortgaged or sold ''when not in
violation of the terms of a will by which the minor holds'' it, has
no application to a compromise by the guardian of a will contest,
under which compromise the minor receives incumbered real prop-
erty in lieu of unincumbered real property devised by the will.

**GUARDIAN AND WARD: Custody of Estate—Compromise of Litiga-**
4 tion—Applicability of Statute. The statute relative to the invest-
ment of guardianship funds (Sec. 12772, Code of 1924) has no ap-
plication to a compromise by the guardian of a will contest, under
which compromise the minor receives certain property in lieu of
the property devised to him by the will.

Headnote 1: 28 C. J. p. 1124. Headnote 2: 28 C. J. p. 1124 (Anno.)
Headnote 3: 28 C. J. p. 1124 (Anno.) Headnote 4: 28 C. J. p. 1124
(Anno.)

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD,
Judge.

JULY 1, 1927.

Action in equity by the widow and minor devisees of a

testator, to vacate and set aside an agreement and stipulation affecting the interests of said minors under the will of said decedent. The court dismissed the plaintiffs' petition.—*Affirmed.*

*Kindig, Stewart & Hatfield* and *John J. Hess,* for appellants.

*Farr, Brackney & Farr,* for Alvern S. Wendel, Loretta C. Wendel, and Alvern S. Wendel, Executor, appellees.

*Snyder, Gleysteen, Purdy & Harper,* for Capitola M. Barr and G. E. Barr, appellees.

FAVILLE, J.—The testator, one A. S. Wendel, died on or about the 28th day of November, 1920. He had been twice married. His first wife was deceased. He left surviving him his widow and two minor children, Forrest Woodrow Wendel and Mildred Darleen Wendel, appellants herein. They are respectively 5 and 3 years of age. He also left surviving him two adult children, Alvern S. Wendel and Capitola M. Barr, who were children of his first marriage. The widow has since remarried. By proper proceedings, one Lewis was duly appointed guardian of the property of the said minors. The will of the testator was offered for probate in the district court of Woodbury County, Iowa, by the said minors, through their guardian, as proponents. The said Alvern S. Wendel filed objections to the admission of said will to probate. It appears of record that, after many negotiations between the adult devisees under said will and the guardian of said minors, a stipulation of settlement and compromise was entered into between said parties. The instant case is an attack upon the said stipulation and an attempt to have the same vacated and set aside. Items 3 and 4 of the will of the testator are as follows:

"Item 3. I will to my wife, Minnie Belle, mother of Forrest Woodrow Wendel and Mildred Darleen Wendel, the use during her lifetime of the southwest quarter (SW¼), and the west half (W½) of the northwest quarter (NW¼) of Section eleven (11), Township eighty-six (86), Range forty-three (43), Woodbury County, Iowa, and also the use during her lifetime of three hundred forty-seven acres of land in Section seven (7),

1. GUARDIAN AND WARD: custody of estate: power to compromise litigation.

and eighteen (18), Township eighty-nine (89), Range forty-six (46), Woodbury County, Iowa, being land purchased by me of William Bartelt; she to pay taxes on the said land above mentioned and also to care for, support and educate the said children.

"Item 4. Upon the death of the said Minnie Belle Wendel, the said property distributed in Item 3 hereof shall be the property of my two children, namely Forrest Woodrow Wendel and Mildred Darleen· Wendel, in equal shares, and in the case of the death of either of them, then the survivor shall take all of the said land, but in case both of them shall die before the death of their mother, then upon her death, the said land described in Item 3 hereof, shall go to my son, Alvern S. Wendel, his heirs and devisees, as he may direct by will."

Item 7 of said will is as follows:

"All the rest and residue of my estate of every kind and character, whether real, personal or mixed, I will and bequeath to my son, Alvern S. Wendel, with the provision that from the said estate so willed to him, all of my debts and bequests shall be paid, he shall also pay the incumbrances, if any, on the land in Section eleven (11), Oto Township, and the land in Section seven (7) and eighteen (18), Concord Township, within a reasonable time after my decease; he shall also pay the mortgage or incumbrances, if any, on the land in Section four (4), in Oto Township, the use of which goes to my daughter, Capitola, and to my son-in-law, G. E. Barr, so that they will have the use of the land without paying interest or any incumbrance. However, he shall have a reasonable time in which to pay the incumbrances on the above described tracts of land, and has the privilege of · renewing any loans on the same, but the same shall be cleared within a reasonable time without·his sacrificing any part of my estate to pay off the incumbrance."

The stipulation and agreement of settlement was entered into on the 4th day of June, 1921, and it recites the fact of the death of the said testator and the leaving of said will, and that said will had been offered for probate and objections had been filed therto, and contains further recitals as to the property left by said decedent and the value thereof; and by its terms it is stipulated and agreed that the contest upon said will was to be withdrawn, and the said will offered for probate by all of the

parties to the stipulation. In lieu of the provisions of the will, it was stipulated that the two minors should have immediate possession of and fee-simple title to a certain farm belonging to the estate known as the Bartelt farm, which is described in Item 3 of said will. They were to take said farm subject to a mortgage then outstanding against the premises in the sum of $22,000. It was also stipulated that the widow was to take the farm known as the Stone farm, subject to a mortgage against the same in the sum of $7,500. The stipulation provided that, in lieu of the payment and satisfaction of said mortgages by the residuary devisee, Alvern S. Wendel, as provided under Item 7 of said will, the said minors and said widow should have the immediate possession of and fee-simple title to the tract of about 170 acres known as the Lepper land. It is unnecessary that we set out in minute detail the terms and provisions of the stipulation. They differ in material respects from the devises to the widow and to said minors under the terms and provisions of the will. Said stipulation and agreement of settlement was signed by all the adult devisees under said will and by the guardian of the said two minors, and duly filed in said probate proceedings, and thereupon an order was entered by the court admitting said will to probate. Thereafter, an application for an order confirming said stipulation and agreement was filed in said probate proceeding, the same being joined in by all of said parties, including said guardian, and an order was entered providing that the said stipulation was in all respects approved and confirmed by the court. Subsequently, in the guardianship proceeding, the guardian filed an ''application of guardian for approval of settlement of interest in the estate of A. S. Wendel,'' in which he set out the said stipulation and attached a copy thereof, and asked approval of the said stipulation and agreement; and an order was entered by the court approving said stipulation and agreement and directing the guardian to perform and carry out the provisions of same, in so far as they relate to the interests of the said wards. No notice of the application for approval of the stipulation in the matter of the estate of the testator was served upon the minors, and no guardian *ad litem* was appointed for them in said matter. In the guardianship proceeding, no notice of the filing of the application of the guardian for approval of the settlement and stipulation was

served upon the minors, and no guardian *ad litem* was appointed for them in connection with the said application for approval. Subsequently, the guardian filed his final report and resignation as guardian, and in said final report he makes, by reference, as a part of said report all the papers and stipulations on file in the estate of A. S. Wendel, deceased, and also the files and papers in the guardianship matter, and recites that he conducted the negotiations for the settlement in behalf of his wards, and prays that he may be discharged. The court entered an order fixing the time for hearing upon said final report, and directing notice to be given to said minors; and due notice of said hearing was had upon said minors, and thereafter a guardian *ad litem* was duly appointed, who appeared and filed answer in their behalf. The court entered an order on said final report, finding that due service of notice of the hearing upon said final report had been had upon said minors, and a guardian *ad litem* duly appointed therefor, who had filed answer; and ordered that said final report be approved and said guardian discharged. All parties acted upon said stipulation of settlement and proceeded thereunder as to said properties.

I. We first consider the question as to the power of the guardian of the minors to enter into a stipulation of compromise which materially affected the interests of said minors. It must be conceded that, under the terms and provisions of the stipulation, the rights of the minors in the property of the testator were materially changed from that which was devised to them under the terms and conditions of the will. There is no question whatever of bad faith or fraud in connection with said matter. We must and do hold, under the record, that the guardian acted in good faith, and for what he believed to be for the best interests of his wards, in effecting said settlement. Whether the said stipulation of settlement was more beneficial to the wards than the terms and provisions of the will is a matter which we do not need to determine in this case. The settlement and stipulation was made in good faith, and was approved by the court, and there is no such showing of prejudice to the rights of the minors as to indicate fraud or bad faith.

It is contended by the appellants that, under the terms of said will, the minor devisees were vested with certain rights in

the prop──ly of the testator, and that the guardian had no power under his general authority as guardian of said minors, to compromise the pending litigation in regard to the admission of said will to probate, or to accept for and in behalf of his wards any other or different interest in the property of the testator than that devised to said wards by the terms and provisions of said will. It is the further contention of the appellants that in any event, the proceedings by which said stipulation was effected were adversary, and that the order of court could not be valid and binding upon the minors without notice to them and the appointment of a guardian *ad litem.*

At the time the stipulation was entered into, there was pending a contest on the admission of the will of the testator to probate. The minors, by their guardian, were proponents in said contest. They were properly in court in said proceedings. They had a duly appointed guardian acting for them in said matter.

Section 3200, Code of 1897 (Section 12581, Code of 1924), is as follows:

"Guardians of the property of minors must prosecute and defend for their wards, may employ counsel therefor, lease lands, loan money, and in all other respects manage their affairs, under proper orders of the court or a judge thereof."

A compromise and stipulation was entered into, affecting said matter, by the terms of which it was agreed that the objections should be withdrawn, and the will admitted to probate, on condition that the property rights under the will were adjusted in accordance with this stipulation. Under the express provisions of the statute, the guardian must "prosecute and defend for his ward" in actions to which the ward is a party. The guardian, therefore, was a proper party to appear for his wards in the action pending for the probate of the will of the testator. Did he have authority, as such guardian, under the order of court, to compromise the pending litigation? In *Hagy v. Avery*, 69 Iowa 434, we considered a prior case wherein suit had been brought involving the title to real estate. A minor was a party to said prior action, and during its pendency the guardian of the minor effected a compromise of the case. In relation to said matter, after citing the statute, which in this regard is the same as the statute above cited, we said:

"This confers upon the guardian ample power to compromise a pending suit if the court sanctions and authorizes such a course. The only limit to the guardian's authority is that, before the compromise can be legally made, authority from the court must be obtained. This is not an adversary proceeding of the guardian against the ward, but, in seeking to obtain the requisite authority from the court, the guardian is subserving the interest of his ward. The petition to obtain such authority is filed in the ward's interest. Notice to him is not required, and it is not certain that the guardian, in the absence of fraud, would not have the power to compromise a pending action without obtaining authority from the court. The burden, however, in such case, would be on the guardian or other party to show that the compromise was in all respects fair, and for the best interest of the ward. However this may be, as the compromise was made in this case with the approval and under the authority of the court, it, in the absence of all evidence tending to show fraud or undue advantage, is legal, and binding on the defendant; and it is immaterial whether he was notified of the application made to the court in his behalf and in his interest or not. The fact that a judgment had been entered in said action is immaterial. The guardian had the power, under the direction of the court, to settle the pending litigation, whether a legal and binding judgment had or had not been entered."

While the case is not on all fours upon its facts with the instant case, the rule of law with regard to the power of the guardian to compromise a pending suit to which he is a party, in behalf of his ward, without notice to said ward, is recognized. The principle announced in the cited case is sound, and meets with our approval, and we regard it as controlling in the instant case. The compromise stipulation signed by the guardian and authorized and approved by the order of the court was not adversary in its character, and did not require for its validity that notice be served upon the wards and a guardian *ad litem* appointed in their behalf.

*Hagy v. Avery, supra,* is cited with approval by the Supreme Court of Oklahoma in *Carter Oil Co. v. Fleming,* 117 Okla. 39 (245 Pac. 833), under statutory and constitutional provisions that are "in effect as broad as the statute of Iowa with

respect to the management and disposition of the estates of wards.''

In *Thompson v. Maxwell Land Grant & R. Co.*, 168 U. S. 451 (42 L. Ed. 539, 541), the Supreme Court of the United States said:

''It would be strange, indeed, if, when those authorized to represent minors, acting in good faith, make a settlement of claims in their behalf, and such settlement is submitted to the proper tribunal, and after examination by that tribunal is found to be advantageous to the minors, and approved by a decree entered of record, such settlement and decree can thereafter be set aside and held for naught on the ground that subsequent disclosures and changed conditions make it obvious that the settlement was not in fact for the interests of the minors, and that it would have been better for them to have retained rather than compromised their claims. If such a rule ever comes to be recognized, it will work injury, rather than benefit, to the interests of minors; for no one will make any settlement of such claims, for fear that it may thereafter be repudiated. The best interests of minors require that things that are done in their behalf, honestly, fairly, upon proper investigation, and with the approval of the appropriate tribunal, shall be held as binding upon them as similar actions taken by adults.''

As bearing generally upon the question of the authority of a guardian to compromise a pending case, in the absence of statutory restriction, where he acts in good faith, and without fraud, see *Maclay v. Equitable Life Assur. Soc.*, 152 U. S. 499 (38 L. Ed. 528); *Simes v. Ward*, 78 N. H. 533 (103 Atl. 310); *Savage v. McCorkle*, 17 Ore. 42 (21 Pac. 444); *Manion v. Ohio Valley R. Co.*, 99 Ky. 504 (36 S. W. 530); *Grievance Committee v. Ennis*, 84 Conn. 594 (80 Atl. 767); *Nashville Lbr. Co. v. Barefield*, 93 Ark. 353 (124 S. W. 758).

The case of *Nothem v. Vonderharr*, 189 Iowa 43, involves the power of a guardian *ad litem* to effect a settlement, and is not in point here.

II.   There is another matter which is entitled to consideration in determining whether or not the stipulation of compromise and settlement is binding upon the minors. As before stated, the stipulation of settlement was filed in the matter of the estate of the testator, and was approved in said proceedings,

It was likewise filed and approved in the matter of the guardianship of said minors. This was without personal notice to the said minors. But subsequently the guardian filed his final report in the guardianship matter, and in said report, by express reference, "all the papers and stipulations on file in said estate of A. S. Wendel, deceased, being No. 5955 Probate, together with all the files and papers in the guardianship herein, being No. 6024 Probate, are by reference made a part hereof as fully as if set out at length herein." The court entered an order fixing the time of hearing on said final report and providing that personal notice thereof should be served on each of said minors. Said notice was duly served, and thereupon a guardian *ad litem* was duly appointed, who appeared and filed answer, and a hearing was had upon said final report, as shown by the order of court, and the said final report was duly approved. This action is brought to set aside and cancel the agreement of compromise and settlement that was entered into on or about the 4th day of June, 1921. The prayer of appellants' petition is that said agreement be annulled, set aside, and held for naught.

Under the pleadings, the validity of the order approving the final report of the guardian is necessarily involved. The order approved the final report, which embodied the stipulation of settlement, and was entered after due notice and the appointment of a guardian *ad litem* and answer in behalf of the wards. It stands unimpeached for want of jurisdiction, fraud, bad faith, or other ground of successful attack. It must be regarded as a verity in this proceeding.

III. Appellants contend that the stipulation and compromise resulted, in effect, in incumbering real estate belonging to the wards, without proper application to the court for authority so to do. Appellants' contention is that, under and by virtue of the terms of the will of the testator, the appellants became vested with an interest in real estate, the incumbrance against which was to be paid by the residuary legatee, and that, under the compromise settlement, the property passing under such settlement to the appellants is to be taken subject to certain outstanding incumbrances. Section 3206, Code of 1897 (Section 12587, Code of 1924), is as follows:

3. GUARDIAN AND WARD: sale and conveyance: compromise of litigation.

"When not in violation of the terms of a will by which a

minor holds his real property, it may, upon application by the guardian to, and under the direction of, the district court or judge, be sold or mortgaged, when such sale or mortgage is necessary for the minor's support or education, or where his interest will be thereby promoted by reason of the unproductive- ness of the property, or of its being exposed to waste, or of any other peculiar circumstances."

The stipulation in question does not come under this section of the statute. Appellants contend that the stipulation in question was violative of Section 364, Code Supplement, 1913. (See Code of 1924, Section 12772.) Said section is as follows:

"Where investments of funds are to be made, including those to be made by executors, administrators, trustees and guardians, and no mode of investment is pointed out by statute, they may be made in the stocks or bonds of this state, or of those of the United States, or in bond or mortgage upon real property of the clear, un-incumbered value of twice the investment or under order of court in bonds issued by or under the direction of cities, towns, counties, school or drainage districts of this state."

4. GUARDIAN AND WARD: custody of estate: compromise of litigation: applicability of statute.

We think this section has no application to the stipulation of settlement under consideration in the instant case.

All parties have acted under said stipulation since it was entered into. Whether or not the minors would have profited more, had the compromise not been entered into, is at least problematical, but, in any event, is a matter which we cannot determine in this action. We are constrained to agree with the lower court that the appellants failed to make such a showing as would require a court of equity to vacate, cancel, and set aside the stipulation in question. The decree of the trial court must therefore be, and it is,—*Affirmed.*

EVANS, C. J., and STEVENS, DE GRAFF, VERMILION, ALBERT, and MORLING, JJ., concur.

KINDIG, J., having been of counsel, takes no part.