Eunice M. MURR, Administratrix of the Estate of E. G. Murr, Deceased, Plaintiff in Error,

v.

Carl R. LANDRUM, Defendant in Error.

No. 38263.

Supreme Court of Oklahoma.

March 24, 1959.

Rehearing Denied April 28, 1959.

Pat Holman, Ada, for plaintiff in error.

Busby, Stanfield, Deaton & West, by Orel Busby, W. V. Stanfield, Ada, for defendant in error.

BLACKBIRD, Justice.

This action was commenced by E. G. Murr and N. C. Matthews, as plaintiffs, to recover from defendant in error, as defendant, a real estate broker's commission in the amount of $5,950, which plaintiffs alleged defendant owed them for procuring a purchaser for defendant's ranch, under the terms of an oral contract. Before the case came to trial, one of the original plaintiffs, Matthews, was dismissed from the action upon Murr's motion representing that he had assigned his interest in the contract to said movant. After Murr thus became the only plaintiff in the action, he died, and the cause was revived in the name of plaintiff in error, administratrix of his estate, who was the only plaintiff in the action when it came to trial before the court, jury trial being waived by agreement. The parties will hereinafter be referred to as they appeared in the trial court.

The ranch involved consisted of more than 2,000 acres, near Bromide, in Johnston County, Oklahoma, and defendant's price therefor was $60 per acre. It was admitted by the pleadings that plaintiffs' customer W. H. Baugh, of La Porte, Texas, executed, together with defendant, on May 15, 1952, a written contract, attached to plaintiffs' pleadings, under the terms of which Baugh agreed to purchase the ranch at defendant's price and that he paid defendant the $1,000, described in said contract as "part of the purchase money * * *". Later, however, Baugh refused to carry out the contract, and defendant kept the $1,000 (as forfeited) that had been paid him at the time the contract was signed.

In plaintiffs' amended petition, they alleged, in substance, that they earned the commission when they brought their customer, Baugh, and the defendant together, and the two thereupon entered into the aforesaid contract for the ranch's sale. All that said written contract stated with refer-

ence to the broker's commission involved, however, was the foregoing:

"E. G. Murr and N. C. Matthews, real estate brokers of Ada, Oklahoma, have agreed to accept a real estate commission on this sale of Five Thousand Nine Hundred and Fifty Dollars ($5,-950.00)."

Defendant's answer denied the amended petition's allegations, except those in said answer specifically admitted. Despite the answer's denial that plaintiffs produced "a purchaser, ready, willing and able to purchase" defendant's ranch "as per terms of the contract attached to plaintiffs' petition", one of defendant's specific admissions therein was that he agreed to pay the commission "if and when the plaintiffs produced a buyer ready and willing and able to purchase * * * at the price and upon the terms * * * stated in said contract." Thereafter, plaintiffs filed a reply in whose second paragraph they alleged that when defendant accepted and signed the written contract between himself and Baugh, he "in law and in equity waived any further requirement as to the readiness, ability, and willingness of said Baugh to purchase said land, and the said contract became binding and enforceable on both the defendant and W. H. Baugh, and the defendant became obligated to pay plaintiffs' commission as provided for in said contract, and the defendant is now estopped from questioning the validity of the enforceability of said contract." Thereafter, on defendant's motion, the quoted paragraph of said reply was ordered stricken, and plaintiff thereafter filed a motion for judgment on the pleadings, which was overruled and thereafter renewed, both at the beginning of the trial, and, after plaintiff had rested, by objection to the introduction of any evidence on defendant's behalf.

At the trial, plaintiff introduced no testimony, nor any evidence whatsoever, bearing upon the particular subject of what was to be done by the brokers to earn their commission under the terms of their oral agreement with defendant. The only evidence bearing upon that point was given by defendant, testifying in his own behalf, when he stated, in substance, that, under said agreement, he was not obligated to pay any commission until Baugh paid him the purchase price of the ranch.

At the close of the trial, the court entered judgment for plaintiff, but, after a hearing on defendant's motion for a new trial, he sustained said motion. This appeal by plaintiff is from the latter order and/or judgment.

In her First Proposition, plaintiff contends that the trial court erred in striking the second paragraph from her reply, as aforesaid, and in overruling her motion for judgment on the pleadings. Her Second Proposition is:

"The trial court erred in setting aside judgment previously granted plaintiff and in granting defendant a new trial."

Under the latter proposition, she first states:

"All the admissible competent evidence produced at the trial shows conclusively that plaintiff was entitled to the judgment rendered."

She then argues, however, that, when the case came to trial, the pleadings revealed no issue of fact and that therefore the judgment in her favor was really one on the pleadings. The Journal Entry of the trial court's "Order Sustaining Motion For New Trial", which is the only judgment from which this appeal was perfected, does not support plaintiff's charge that it was, in effect, merely a judgment on the pleadings. The grounds upon which it was granted, according to the Journal Entry, were:

"(A) That the decision and the judgment of the Court heretofore entered is not sustained by sufficient evidence and is contrary to the evidence.

"(B) That the judgment is contrary to law.

"(C) That the Court erred in not rendering judgment for the defendant and against the plaintiff at the conclusion of all the evidence.

"(D) Error of the Court in not finding and holding that the defendant had offered a valid defense to the cause of action as shown by the evidence."

In view of the presumption that the grounds above quoted from the Court's order constituted its sole basis (McGlone v. Landreth, 200 Okl. 425, 195 P.2d 268), and in view of the fact, as hereinbefore shown, that plaintiff introduced no evidence showing directly or conclusively that the contract sued upon was the ordinary one, under which the broker's commission is earned when he procures a customer ready, willing and able to purchase the property on the owners terms, rather than the more unusual one, under which such commission is not earned until the sale is carried out and the purchase money paid (in this connection see Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978; 8 Am.Jur., "Brokers", secs. 179, 180, 181, 183, 186, 222; 12 C.J.S. Brokers §§ 84, 85, 86, 87, 89, 95, 111, pages 185, 186, 188, 189, 191, 198, 199, 200, 204, 205, 229, 230, 262, 264) and in view of the defendant's testimony to the effect that the contract involved here was of the latter type, we cannot say that the trial court erred in sustaining defendant's motion for a new trial. As the ruling on such a motion is largely within the trial court's discretion, and an affirmative ruling thereon merely "places the parties in a position to have the issues between them tried again, the showing to reverse it should be stronger than where the assigned error is refusal to grant a new trial." Armstrong v. Chickasha Cotton Oil Co., Okl., 258 P.2d 1174, 1175.

■ ■ We express no opinion on plaintiff's First Proposition dealing, as hereinbefore shown, with rulings of the court that occurred before the case was completely tried and judgment had been entered for plaintiff. Said judgment negatived, or cured, the alleged errors thereon, or claimed prejudice to plaintiff therefrom, and they are not before us in the present appeal from the trial court's subsequent order and judgment granting the new trial, on defendant's motion. Bennett v. Ryan, 206 Iowa 1263, 222 N.W. 16, Herman & Ben Marks v. Haas, 166 Iowa 340, 147 N.W. 740, Ann.Cas.1917D, 543, and other cases cited in 5 C.J.S. Appeal and Error § 1470, at note 57, and 3 Am.Jur., "Appeal and Error", sec. 854, note 5.

As we have found, in the only assignment of error properly before us, insufficient ground for reversing the judgment appealed from, the same is hereby affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WELCH and JACKSON, JJ., concur in result.